IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 10-cv-01482-LTB-KLM

ONYX PROPERTIES LLC, a Colorado Limited Liability Company;
EMERALD PROPERTIES, LLC, a Colorado Limited Liability Company;
VALLEY BANK AND TRUST, a Colorado State Bank;
PAUL NAFTEL, an individual; and
SHAUNA NAFTEL, an individual,

       Plaintiffs,

v.

BOARD OF COUNTY COMMISSIONERS OF ELBERT COUNTY,

       Defendant.
_____

ORDER
_____

This matter is before me on Motion to Dismiss, filed by Defendant Board of County Commissioners of Elbert County ("Elbert County"), seeking dismissal of this case pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). [**Doc #4**] Plaintiffs, Onyx Properties LLC, Emerald Properties LLC, Valley Bank and Trust, and Paul & Shawna Naftel, oppose this motion. Oral arguments would not materially assist me in my determination. After consideration of the parties' arguments, and for the reason stated, I GRANT the motion pursuant to Fed. R. Civ. P. 12(b)(6) to the extent that Plaintiffs' assert a violation of substantive due process, but I DENY the motion as to the remaining claims.

**I. Background**

Plaintiffs are landowners in Elbert County, Colorado, who sought to divide their respective properties into 35-acre parcels for development and sale during the 2004-2006 time

period. The two properties/developments at issue are known as Kiowa Creek Estates and Wolf Creek Ranch. Elbert County required both developments to proceed through a re-zoning process. Wolf Creek Ranch was re-zoned to an "A-1" designation on October 27, 2004, and Kiowa Creek Estate was re-zoned to an "A-1" designation on September 20, 2006.

In their complaint, filed in June 2010, Plaintiffs assert claims on behalf of the class – defined as all persons who have, on or after August 28, 1997, submitted an application for an A-1 re-zone or had the A-1 zoning regulations enforced against them – pursuant to Fed. R. Civ. P. 23. The class claims are for violations of their constitutional rights under 42 U.S.C. § 1983, "including, but not limited to, the Fifth and Fourteenth Amendment," by Elbert County's actions in unlawfully forcing them to re-zone their property, resulting in a taking of property rights without due process of law. Plaintiffs also assert individual claims under 42 U.S.C. § 1983 for the loss of their individual property rights by Elbert County's illegal enforcement of its allegedly invalid zoning regulations. Plaintiffs seek damages as well as injunctive relief enjoining Elbert County "from any further use of their invalid Zoning Regulations against" Plaintiffs and all other members of the public.

In response, Elbert County filed this motion in which it asserts that Plaintiffs' complaint against them should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1), because they have failed to show that their claims are ripe for judicial review. Alternatively, Elbert County asserts that the claims should be dismissed for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

## II.  Fed. R. Civ. P. 12(b)(1)

Elbert County first argues that Plaintiffs' §1983 claims must be dismissed because the

claims asserted are not yet ripe for judicial review. Whether or not claims are ripe bears on this court's subject matter jurisdiction, under United States Constitution Article III, and therefore ripeness challenges are properly brought as a motion to dismiss under Fed. R. Civ. P. 12(b)(1). *See New Mexicans for Bill Richardson v. Gonzales,* 64 F.3d 1495, 1498-99 (10th Cir. 1995); *Bateman v. City of West Bountiful,* 89 F.3d 704, 706 (10th Cir. 1996). The plaintiffs bear the burden of establishing that their claims are ripe. *See Signature Props. Int'l Ltd. Partnership v. City of Edmond*, 310 F.3d 1258, 1265 (10th Cir. 2002).

A motion challenging the court's subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) may be treated as either facial or factual. *U.S. v. Rodriguez-Aguirre*, 264 F.3d 1195, 1203 (10th Cir. 2001)(*citing Holt v. U.S.*, 46 F.3d 1000, 1002 (10th Cir. 1995)). A facial attack addresses deficiencies in the pleadings and, as such, the court considers only the allegations on the face of the complaint, taken as true and viewed in the light most favorable to the plaintiffs. *Id.* A factual attack, in contrast, is when a party goes "beyond allegations contained in the complaint and challenges the facts upon which subject matter jurisdiction depends." *Id.* (*quoting Holt v. U.S., supra*, 46 F.3d at 1003). In this case it is clear that the motion to dismiss for lack of standing is a facial attack on the complaint, not a factual one, so I accept the allegations in the complaint as true. *Id.* As a result, I decline Plaintiffs' request to the extent they seek limited discovery and an evidentiary hearing in the event I find unresolved factual issues.

The ripeness doctrine cautions a court against premature adjudication of disputes involving administrative policies or decisions not yet formalized and felt in a concrete way by the challenging parties. The ripeness inquiry is threefold: "(1) whether delayed review would cause hardship to the plaintiffs; (2) whether judicial intervention would inappropriately interfere

with further administrative action; and (3) whether the courts would benefit from further factual development of the issues presented." *Qwest Communications Int'l, Inc. v. F.C.C.,* 240 F.3d 886, 893-94 (10th Cir. 2001).

Elbert County asserts that Plaintiffs' claims are not ripe. It first argues that the allegations asserted by Plaintiffs constitute claims seeking redress for a regulatory taking under the Consitution's Just Compensation Clause of the Fifth Amendment which mandates that private property shall not be taken for public use without just compensation. *See Lingle v. Chevron U.S.A., Inc.*, 544 U.S. 528, 536-37, 125 S.Ct. 2074, 161 L.Ed.2d 876 (2005)(ruling that the regulation of private property may be so onerous that it violates the Takings Clause of the Fifth Amendment requiring just compensation). Elbert County maintains that Plaintiffs cannot prove that their takings claim is ripe for judicial review in that they cannot meet either ripeness requirement set forth in *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172, 186, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985). That case held that a takings claim is not ripe (1) until a final decision by the governmental entity is issued and (2) until the claimant seeks and is denied compensation through applicable state proceedings. *Id.* Plaintiffs do not contest or disagree that a takings claim under the Just Compensation Clause of the Fifth Amendment would not, under the circumstances of this case, be ripe for judicial review. Rather, they maintain that the § 1983 claims set forth in their complaint are not based on an alleged regulatory taking of their property, but instead seek damages for violations of due process only – specifically violations of procedural due process, substantive due process and void for vagueness.

The Plaintiffs' complaint avers that alleged illegal acts by Elbert County have "had the

effect of taking away valuable property rights from [them] without due process of law" and have "deprived [Plaintiffs] the rights, privileges and immunities secured by the Constitution of the United States, including but not limited to the Fifth, and Fourteenth Amendments to the United States Constitution." But, it is clear that Plaintiffs' claims do not seek just compensation for a regulatory taking. Rather, the essence of Plaintiffs' complaint is that Elbert County violated their constitutional rights by improperly enacting and subsequently enforcing illegal or non-existent zoning laws and regulations against them and other property owners in Elbert County. I agree with Plaintiffs that their complaint raises due process violations, not a regulatory takings claim; to the extent that Plaintiffs are seeking compensation for a regulatory taking, I agree that such claim would be foreclosed by the ripeness test of *Williamson County v. Hamilton Bank.*

Elbert County next asserts that, under Tenth Circuit authority, Plaintiffs' due process claims are also subject to the ripeness test articulated in *Williamson County v. Hamilton Bank.* In that case a land developer alleged that the application of zoning laws to his property by the County amounted to a temporary regulatory taking. *Id.* at 175. In *B. Willis, C.P.A., Inc. v. BNSF Railway Corporation,* 531 F.3d 1282 (10th Cir. 2008), the Tenth Circuit interpreted the holding in *Williamson County v. Hamilton Bank,* as follows: "[w]ithout deciding whether such allegations stated a takings or a due process claim, the Supreme Court held that the developer's claim was not ripe for adjudication until the developer obtained a final decision regarding the application of the zoning ordinance and subdivision regulations and utilized state procedures for obtaining compensation for any taking." *Id.* at 1299 fn. 19 (*citing Williamson County v. Hamilton Bank, supra,* 473 U.S. at 185-87; *Signature Properties Intern. Ltd. P'ship v. City of Edmond*, 310 F.3d 1258, 1264-66 (10th Cir. 2002); *SK Fin. SA v. La Plata County, Bd. of County*

5

*Comm'rs,* 126 F.3d 1272, 1276 (10th Cir. 1997); *Bateman v. City of West Bountiful, supra,* 89 F.3d at 706-8). The Tenth Circuit then applied *Williamson County v. Hamilton Bank*, as follows:

> in addition to takings claims, related constitutional claims challenging the state condemnation proceedings will also not be ripe for adjudication until the state or local condemnation proceedings are finally concluded.

*B. Willis, C.P.A. v. BNSF, supra,* 531 F.3d at 1299 fn. 19. *See also Signature Properties v. City of Edmond, supra,* 310 F.3d at 1265-68 (addressing substantive due process claim and holding "finality requirements are the same for due process claims and for takings claims").

The Tenth Circuit has also held that "when a plaintiff alleges that he was denied a property interest without due process, and the loss of that property interest is the same loss upon which the plaintiff's takings claim is based, we have required the plaintiff to utilize the remedies applicable to the takings claim." *Rocky Mountain Materials & Asphalt, Inc. v. Board of County Comm'rs of El Paso County*, 972 F.2d 309, 311 (10th Cir. 1992)(finding that "[i]t is appropriate in this case to subsume the more generalized Fourteenth Amendment due process protections within the more particularized protections of the Just Compensation Clause")(*quoting Miller v. Campbell County,* 945 F.2d 348, 352 (10th Cir. 1991)). Thus, "where the property interest in which a plaintiff asserts a right to procedural due process is coextensive with the asserted takings claim," the ripeness principles in *Williamson County v. Hamilton Bank* apply. *B. Willis, C.P.A. v. BNSF, supra (quoting Rocky Mountain Materials v. Bd. of County Comm'rs, supra*, 972 F.2d at 310-11); *see also Bateman v. City of West Bountiful, supra,* 89 F.3d at 709 (holding *Williamson County v. Hamilton Bank*'s ripeness requirements "appl[y] to due process and equal protection claims that rest upon the same facts as a concomitant takings claim").

However, the Tenth Circuit has acknowledged that "[u]nder certain circumstances, due process rights may arise which are beyond the more particularized claim asserted pursuant to the Just Compensation Clause." *B. Willis, C.P.A. v. BNSF, supra,* 531 F.3d at fn. 19 (*quoting JB Ranch, Inc. v. Grand County,* 958 F.2d 306, 309 (10th Cir. 1992)).  In this case, Plaintiffs' claims stem from their assertion that Elbert County illegally applied unlawful zoning laws and regulations in order to force them into a costly and unnecessary re-zoning.  This action resulted in direct loses in the form of fees, as well as loses incurred because Plaintiffs could not sell in a favorable market.  This is not a case in which Plaintiffs' claims are based on a takings analysis to seek compensation for such taking.  *See JB Ranch v. Grand County, supra,* 958 F.2d at 309-10 (holding that "[t]he facts of this case fall squarely within Fifth Amendment [takings] analysis [and w]e do not find anything in the record which dictates a due process analysis above and beyond our consideration of [plaintiff's] Just Compensation Clause claim").  I agree with Plaintiffs that although they assert a loss of property rights due to improper regulatory action, this is not a takings claim but rather a claim that Elbert County's actions in illegally enacting and enforcing zoning regulations against Plaintiffs violated their due process rights.  As such, I reject Elbert County's argument that the ripeness requirements of *Williamson County v. Hamilton Bank,* apply to bar the claims raised here under Fed. R. Civ. P. 12(b)(1).

### III.  Fed. R. Civ. P. 12(b)(6)

Elbert County also argues that the due process claims set forth in the Plaintiffs' complaint fail to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).  When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must assume the truth of all well-pleaded facts in the complaint, and draw all reasonable inferences therefrom in the light

7

most favorable to a plaintiff. *Eigen v. Renfrew,* 511 F.3d 1072, 1078 (10th Cir. 2007); *David v. City & County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996). A complaint will survive dismissal if it alleges a plausible claim for relief – that is, the "[factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The concept of "plausibility" at the dismissal stage refers not to whether the allegations are likely to be true; the court must assume them to be true. Rather, "[t]he question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law." *Christy Sports, LLC v. Deer Valley Resort Co., Ltd.,* 555 F.3d 1188, 1192 (10th Cir. 2009)(*citing Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008)).

**A. Procedural Due Process Claim**

Under the Due Process Clause, "[p]rocedural due process ensures the state will not deprive a party of property without engaging fair procedures to reach a decision, while substantive due process ensures the state will not deprive a party of property for an arbitrary reason regardless of the procedures used to reach that decision." *Hyde Park Co. v. Santa Fe City Council*, 226 F.3d 1207, 1210 (10th Cir. 2000). In order to prevail on either a procedural or substantive due process claim under 42 U.S.C. § 1983, "a plaintiff must first establish that a defendant's actions deprived plaintiff of a protectible property interest." *Id. (quoting Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)). To create a property interest, a state-law rule or understanding must give the recipient "a legitimate claim of entitlement to [the benefit]." *Bd. of Regents v. Roth, supra,* 408 U.S. at 577. "[C]onstitutionally protected property interests are created and defined by statute, ordinance, contract, implied

contract and rules and understandings developed by state officials." *Nichols v. Bd. of County Comm'rs,* 506 F.3d 962, 970 (10th Cir. 2007) (citation and internal quotation marks omitted); *see also Moreland Properties, LLC v. City of Thornton,* 559 F.Supp. 2d 1133, 1145 (D.Colo. 2008).

For the purpose of this motion, Elbert County does not challenge that Plaintiffs have a property interest in relation to their procedural due process claim.  Rather, it asserts that Plaintiffs' complaint fails to state a procedural due process violation because it does not allege any facts regarding the reasonableness of the process afforded them in connection with the A-1 re-zoning determination.  In support of this argument, Elbert County argues that Plaintiffs were afforded due process in that re-zoning determination so Plaintiffs have failed to state a claim. *See Landmark Land Co. of Oklahoma, Inc. v. Buchanan,* 874 F.2d 717, 723 -724 (10th Cir. 1989), *abrogated on other grounds by Fed. Lands Legal Consortium ex rel. Robart Estate v. U.S.,* 195 F.3d 1190, 1195-96 (10th Cir.1999)(even if the city manager's decision not to issue the permit was replete with improprieties, the due process requirements were satisfied by the availability of a hearing before the Board of Adjustments and the opportunity for judicial review).

Plaintiffs do not aver that the zoning determination to an "A-1" classification was deficient in the due process it provided.  Rather, Plaintiffs' complaint asserts that due process was violated in the adoption and enforcement of the underlying zoning laws and regulations that were applied to their circumstances, as well as in other cases.  The complaint alleges the procedural due process inadequacies relate to those determinations.  For example, the complaint alleges that Elbert County failed to provide process when it neglected to adopt a zoning map, and

when enforcing zoning regulations that were adopted without due process. This included actions by the Planning Director in determining the zoning applicable to individual parcels of property, as well as adopting and applying new zoning regulations, again without due process. *Ramsey Winch Inc. v. Henry,* 555 F.3d 1199, 1210 (10th Cir. 2009)(noting that the plaintiffs were less concerned about "compensation for a taking of [their] property ... but rather [seek] an injunction against the enforcement of a regulation that [they] allege[ ] to be fundamentally arbitrary or irrational")(*quoting Lingle v. Chevron U.S.A., supra,* 544 U.S. at 544). These allegations are sufficient to raise a plausible claim for a procedural due process violation in the improper adoption and application of zoning regulations to Plaintiffs' – and other class members' – property located in Elbert County. *See Moreland Properties v. City of Thornton, supra,* 559 F.Supp.2d at 1158 (granting summary judgment in favor of the plaintiffs on their procedural due process claim challenging a zoning ordinance that was enacted without proper notice).

**B. Substantive Due Process**

Elbert County also asserts that Plaintiffs' complaint fails to state a claim for a violation of substantive due process. In addition to guaranteeing fair procedures, the Due Process Clause of the Fourteenth Amendment "cover[s] a substantive sphere as well, barring certain government actions regardless of the fairness of the procedures used to implement them." *County of Sacramento v. Lewis,* 523 U.S. 833, 840, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998)(*quoting Wolff v. McDonnell,* 418 U.S. 539, 558, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974)). To state a cognizable substantive due process claim, a plaintiff must first allege sufficient facts to show a property or liberty interest warranting due process protection. *Crider v. Board of County Comm'rs of County of Boulder,* 246 F.3d 1285, 1289 (10th Cir. 2001)(*citing Lehman v. City of*

*Louisville,* 967 F.2d 1474, 1476 (10th Cir. 1992)). If this requirement is satisfied, the plaintiff must then allege facts sufficient to show that the challenged governmental action was "arbitrary and capricious." *Crider v. Board of County Comm'rs, supra,* 246 F.3d at 1289 (*citing Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence,* 927 F.2d 1111, 1119 (10th Cir. 1991)).

Elbert County asserts that Plaintiffs' property interest at issue – the "right to use of their property without the restriction of an A-1 zone district" – is insufficient to warrant substantive due process protection. Elbert County relies on *Lehman v. City of Louisville, supra,* in which the Tenth Circuit noted that the property interest asserted by the plaintiff – related to the proposed business use of his residential property – "bears little resemblance to the fundamental interests that previously have been viewed as implicitly protected by the Constitution." 967 F.2d at 1489 fn.2 (*quoting Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 229, 106 S.Ct. 507, 88 L.Ed.2d 523 (1985)); *see also Collins v. City of Harker Heights, Tex.,* 503 U.S. 115, 125, 112 S.Ct. 1061, 117 l.Ed.2d 261 (1992)(noting that it "has always been reluctant to expand the concept of substantive due process because guideposts for responsible decision making in this unchartered area are scarce and open-ended").

In response, Plaintiffs assert that the right at issue here is a "fundamental right" subject to substantive due process protection in that the challenged zoning regulations are penal in nature and Elbert County's actions in improperly enacting and enforcing them against Plaintiffs was against the "due process of *law.*" I disagree. The deprived property right at issue is Plaintiffs' inability to subdivide their property, despite the alleged legal right to do so. This alleged depravation does not constitute a fundamental right historically provided substantive due right protections. *See Williams v. Berney,* 519 F.3d 1216, 1220 (10th Cir. 2008) (substantive due

process protections are accorded primarily "to matters relating to marriage, family, procreation, and the right to bodily integrity")(*quoting Albright v. Oliver,* 510 U.S. 266, 272, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994)). Plaintiffs' have failed to state a § 1983 claim for a violation of substantive due process as a matter of law in that the property right at issue does not warrant such protections. *See Lehman v. City of Louisville, supra,* 967 F.2d at 1489 fn 2.

**C. Void for Vagueness**

Finally, I address Elbert County's contention that Plaintiffs have failed to state a violation of due process under the void for vagueness doctrine. In their complaint, Plaintiffs assert that the zoning regulations at issue are "unconstitutionally vague."

As a basic matter of due process, a law is void for vagueness if it does not clearly define its prohibitions. *Doctor John's, Inc. v. City of Roy,* 465 F.3d 1150, 1157 (10th Cir. 2006)(*citing Grayned v. City of Rockford,* 408 U.S. 104, 108, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972)). When asserting a facial challenge of vagueness, as here, the legal standard employed is that the "complaint must allege that 'an enactment is vague not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all.' " *Dias v. City and County of Denver,* 567 F.3d 1169, 1179 (10th Cir. 2009)(*quoting Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 495 n. 7, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982))).

Plaintiffs maintain – and Elbert County does not dispute – that the challenged regulations are quasi-criminal in nature because they imposes both civil and criminal penalties. Thus, as a penal statute, it must specify what is prohibited in a manner that does not encourage arbitrary and discriminatory enforcement. *Dias v. City & County of Denver*, 567 F.3d 1169, 1179 (10th

Cir. 2009); *see also U.S. v. Thomas,* 410 F.3d 1235, 1243 (10th Cir. 2005)(the "void for vagueness doctrine requires that a penal statute define a criminal offense with sufficient specificity that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement")(*quoting U.S. v. Pinelli*, 890 F.2d 1461, 1470 (10th Cir.1989)).

Elbert County argues that Plaintiffs have not stated a facial vagueness claim because they have not alleged, nor can they prove, that the zoning regulations are "impermissibly vague in all of its applications." *Dodger's Bar & Grill, Inc. v. Johnson County Bd. of County Comm'rs*, 32 F.3d 1436, 1443 (10th Cir. 1994)(*citing Hoffman Estates v. Flipside*, *supra*, 455 U.S. at 494); *see also Dias v. City & County of Denver, supra*, 567 F.3d at 1179-80 ("facial challenges are strong medicine … when a plaintiff seeks pre-enforcement review of a statute because it is incapable of valid application . . [t]hey must demonstrate that the law is impermissibly vague in all of its applications").

The complaint in this case alleges that:

> The Zoning Map was also [a] necessary due process component in that the Zoning Map is the only operative document in the Zoning Regulations which provides notice of the zoning of the particular properties affected by the Zoning Regulations. Otherwise, the Zoning Regulation is unconstitutionally vague.

Plaintiffs argue that the challenged zoning regulations are unconstitutionally vague because the corresponding zoning map is unavailable. Plaintiffs rely on *Board of County Commissioners v. Rohrbach,* 226 P.3d 1184 (Colo. App. 2009), in which a panel of the Colorado Court of Appeals determined that Elbert County could not to prove the zoning designation applicable to the Defendants' property, in order to enjoin them for a zoning violation, because

the County was unable to produce the related zoning map. *Id.* at 1188.  Plaintiffs argue it is clear that the panel in *Board of County Commissioner v. Rohrbach* interpreted the zoning regulations at issue as "unconstitutionally vague" because it relied upon cases in which zoning regulations without the corresponding maps were deemed "meaningless" and indicating that property owners are entitled to know the zoning designation of their property. *Id.* at 1187 (relying on *Winnebago County v. Cannell,* 376 Ill. 277, 33 N.E.2d 478, 479-80 (1941) and *Keeney v. Village of LeRoy,* 22 A.D.2d 159, 160-62, 254 N.Y.S.2d 445, 446-48 (1964)).

I disagree with Plaintiffs' interpretation that the panel in *Board of County Commissioner v. Rohrbach* held that the zoning regulations at issue in this case were, as a matter of law, unconstitutionally vague.  In that case the court decided a narrower question – namely, whether Elbert County had met its burden to prove the zoning classification of the Plaintiffs' property when attempting to enforce an alleged zoning violation.  The inability to produce a map resulted in a failure to meet that evidentiary burden. *Id.*  More importantly, the panel specifically indicated that it was expressing "no opinion on the validity of the County's zoning regulations or whether proper statutory procedures were followed in their enactment." *Id.* at 1189.  I reject Plaintiffs' argument that the ruling in *Board of County Commissioners v. Rohrbach* mandates a determination that the zoning regulations are void for vagueness.

However, when drawing all reasonable inferences in the light most favorable to Plaintiffs, the complaint alleges a plausible facial claim that the zoning regulations at issue require the missing zoning map as "the only operative document . . . which provides notice of the zoning of the particular properties affected by the Zoning Regulations."  The complaint alleges that the map – which identifies each property's zoning designation – is missing and, hence, the

14

reasonable inference is that the regulations are impermissibly void as to all applications to any parcel of property located in Elbert County. Thus, Plaintiffs' complaint, sufficiently challenges the zoning regulations based on a void for vagueness argument in that it alleges a plausible claim for relief under Fed. R. Civ. P. 12(b).

ACCORDINGLY, I GRANT IN PART and DENY IN PART the Defendant's Motion to Dismiss [**Doc #4**] in that I GRANT the motion to the extent that it seeks dismissal of Plaintiffs' § 1983 claim for violation of substantive due process, for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), and I DENY the remaining relief requested.

Dated: February  9 , 2011 in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE