IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 10-cv-01482-LTB-KLM  (Consolidated w/11-cv-02321-RPM-MJW)

ONYX PROPERTIES LLC, a Colorado Limited Liability Company;
EMERALD PROPERTIES, LLC, a Colorado Limited Liability Company;
VALLEY BANK AND TRUST, a Colorado State Bank;
PAUL NAFTEL, an individual; and
SHAUNA NAFTEL, an individual,

      Plaintiffs,

v.

BOARD OF COUNTY COMMISSIONERS OF ELBERT COUNTY,

      Defendant.

_____

KENNETH G. ROHRBACH,
KAREN L. ROHRBACH,
PAUL K. ROHRBACH, and
COMPOST EXPRESS, INC., a Colorado Corporation,

      Plaintiffs,

v.

BOARD OF COUNTY COMMISSIONERS OF ELBERT COUNTY, in its official capacity,

      Defendant.

_____

## ORDER
_____

This matter is before me on Motion to Hold Briefing in Abeyance or Alternatively to Defer Ruling on Summary Judgment Motion, filed by Defendant Board of County Commissioners of Elbert County ("Elbert County")[**Doc #44**], asking that I stay briefing and ruling on the Motion for Summary Judgment on Liability Only – Individual Claim, filed by Plaintiff Onyx Properties LLC ("Onyx"). [Doc #39]  In addition, I address the stay related to the

pending Motion for Summary Judgment on Liability Only filed by Plaintiffs Kenneth G. Rohrbach, Karen L. Rohrbach Paul K. Rohrbach, and Compost Express, Inc. (collectively, the "Rohrbachs"). [**Doc #3 - filed in 11-cv-02321**]  Oral arguments would not materially assist me in my determination of these matters.  After consideration of the parties' arguments, and for the reason stated, I DENY the motion and LIFT the STAY.  As such, I set a briefing scheduling on both pending motions for summary judgment on liability.

## I.  Background

Plaintiffs Onyx Properties LLC, Emerald Properties LLC, Valley Bank and Trust, and Paul & Shauna Naftel, are landowners in Elbert County, Colorado, who sought to divide their respective properties into 35-acre parcels for development and sale.  Plaintiffs assert class claims against Elbert County for the taking of property rights without due process of law in violation of their constitutional rights pursuant to 42 U.S.C. § 1983.  These Plaintiffs also assert individual claims under § 1983 for the loss of their individual property rights by Elbert County's enforcement of its allegedly invalid zoning regulations.  Plaintiffs seek damages as well as injunctive relief enjoining Elbert County "from any further use of their invalid Zoning Regulations against" Plaintiffs and all other members of the public.  The Rohrbachs also own property in Elbert County, and have filed a separate complaint – which has subsequently been consolidated with this case – in which they assert an individual § 1983 claim seeking damages for the losses they incurred when Elbert County improperly required them to stop composting on their property.  At issue is whether the enforcement of alleged illegal zoning regulations constitutes a violation of procedural due process.

## II. Elbert County Motion Re: Onyx's Summary Judgment Motion

In this motion, Elbert County first argues that Plaintiff Onyx's pending motion for summary judgment – which seeks a liability judgment in its favor on its individual § 1983 procedural due process claim – is premature as it comes before any discovery on the merits of Plaintiffs' claims and before the time contemplated by the Partial Scheduling Order. As a result, Elbert County asks that I hold briefing on Plaintiff Onyx's summary judgment motion in abeyance.

In support of its request, Elbert County asserts that it was the intent of the Magistrate Judge to first litigate the issue of class certification before reaching the merits of the Plaintiff's claims and, thus, timing of Onyx's motion for summary judgment is "inconsistent with and undermines the Court's case schedule." Elbert County refers me to the Partial Scheduling Order [Doc # 25] in which the Magistrate expressly declined to establish a schedule for discovery or dispositive motions on the merits until after the class certification issue was resolved. Under the heading "Other Planning or Discovery Orders" in that scheduling order, a handwritten note indicates that:

> Parties' discovery will be limited to class certification issues only prior to a class certification hearing to be held by the District Judge. All deadlines and limitations herein relate to class certification only. W/in 10 days after the class certification hearing, the parties will file a joint status report to inform the court about the need for additional discovery. [Doc #25, page 13]

Elbert County also asserts that ruling on Onyx's motion for summary judgment at this point in the litigation could interpose procedural complexities into this case. It refers me to the various motions that are currently pending in this case – including two motions in which Plaintiffs seek to amend their complaint to expand the class definition and add a party [Docs # 30, 32]; and

Plaintiffs' Motion for Class Certification filed after Onyx's motion for summary judgment was filed. [Doc # 42]

In response, Onyx agrees that the Magistrate Judge bifurcated the discovery in this matter, but argues there is nothing in the Partial Scheduling Order that precludes the filing of a dispositive motion on their individual claim. *See* Fed. R. Civ. P. 56(a)(1)(which allows a party to file a motion for summary judgment any time after 20 days have passed from the commencement of the action). In addition Onyx notes, that the pending motions to amend and the class certification motion in no way impact or change Onyx's individual claim upon which it is seeking summary judgment. Based on the foregoing, I agree that Elbert County's request to hold the briefing in abeyance on the pending summary judgment motion filed by Onyx – based on the procedural posture of this case – should be denied.

Elbert County also asks, in the alternative, that I defer ruling on Onyx's motion seeking summary judgment (or deny it without prejudice) pending discovery on the merits pursuant to Fed. R. Civ. P. 56(d). Fed. R. Civ. P. 56(d) – formerly Fed. R. Civ. P. 56(f) – provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." *See also West v. Yeaton,* 2011 WL 42140, 2 (D.Colo. Jan. 6, 2011) (ruling that there is no apparent substantive difference between the former Rule 56(f) and the current Rule 56(d), making it appropriate to consider case law applying Rule 56(f)).

A party seeking to defer a ruling on summary judgment under Rule 56(d) must "file an affidavit that explain[s] why facts precluding summary judgment cannot be presented."

*Libertarian Party of N.M. v. Herrera*, 506 F.3d 1303, 1308 (10th Cir. 2007) (citations omitted). This includes identifying (1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable the party to obtain those facts and rebut the motion for summary judgment. *Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir.2010) (*quoting Committee for First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir.1992)). "[T]he nonmovant also must explain how additional time will enable him to rebut movant's allegations of no genuine issue of fact." *Comm. for First Amendment v. Campbell*, *supra*, 962 F.2d at 1522 (citation omitted). A party may not invoke Rule 56(d) "by simply stating that discovery is incomplete but must 'state with specificity how the additional material will rebut the summary judgment motion.'" *Libertarian Party v. Herrera, supra,* 506 F.3d at 1308-09 (*quoting Ben Ezra, Weinstein, & Co. v. Am. Online Inc.*, 206 F.3d 980, 987 (10th Cir. 2000)). The court has wide discretion when ruling on a Rule 56(f) motion. *Burke v. Utah Transit Auth. & Local 382*, 462 F.3d 1253, 1263 (10th Cir. 2006)(quotations and citations omitted).

With its motion, Elbert County has filed an affidavit from its attorney indicating that no discovery on the merits has yet been conducted. The affidavit then asks court to either deny without prejudice or defer ruling on the summary judgment motion filed by Onyx "in order to allow [it] to conduct discovery on the issue of liability" under § 1983. Specifically, the affidavit indicates that:

> The Motion for Summary Judgment is premised in part on Plaintiff Paul Naftel's testimony that he relied upon [Elbert County's] representations as to the zoning and upon his failure to understand that the [C]ounty lacked the proper zoning map. The Plaintiffs in their initial disclosures did not produce their files related to the land use approvals. In addition, Onyx was represented through the approval process by an attorney as well as an applicant representative. Reviewing Onyx's

5

>  files as well as deposing Onyx's representatives could very well provide evidence that Onyx may have done its own independent research into the status of the zoning and hence did not rely upon the [C]ounty's staff representations for purposes of establishing a protected property interest. . . . [T]he County also needs to conduct factual investigation regarding what representations, if any, the County made to Onyx regarding the uses allowed on its property; the impact, if any, that the County's alleged unconstitutional zoning enforcement had on their property; and what process was available or utilized by Onyx.

The affidavit concludes that "this discovery is likely to produce facts showing that no deprivation of a protected property interest occurred without due process." [Doc # 44-1]

In response Onyx maintains that the questions at issue in the summary judgment ruling are of law and, thus, discovery will not lead to evidence generating a genuine issue of material fact. I agree.

In its motion for summary judgment, Onyx argues that it is entitled to judgment as a matter of law on its individual claim that Elbert County violated its due process rights when it illegally forced Onyx to re-zone its property based on zoning regulations and policies adopted without due process of law. As such, the issue is not whether due process was violated in the taking of property by Elbert County in the form of a vested property right – *see generally Eason v. Board of County Comm'rs of County of Boulder*, 70 P.3d 600, 605 (Colo. App. 2003)(ruling that "Colorado law recognizes a protected property interest in a zoning classification when a specifically permitted use becomes securely vested by the landowner's substantial actions taken in reliance, to his or her detriment, on representations and affirmative actions by the government) – but rather whether due process was violated in the enactment and enforcement of regulations/policy that deprived of certain uses of its land without providing adequate process. In ruling on Elbert County's motion to dismiss, I ruled that Plaintiffs' procedural due process claim was not a claim that the zoning determination to an "A-1"

classification was deficient, but rather that "due process was violated in the adoption and enforcement of the underlying zoning laws and regulations." [Doc # 19, page 9]

To the extent that Elbert County argues that it needs discovery to reveal possible issues of material facts related to whether Onyx had a protectable property interest, based on the extent of its reliance on any representations or zoning determinations made by Elbert County, I find that this determination is – under the specific circumstances presented here – an issue of law, not fact; specifically, whether Onyx had the right to divide its property into 35 acre parcels. *See* Colo. Rev. Stat. § 30-28-101(10)(b)("[t]he terms "subdivision" and "subdivided land". . . shall not apply to any division of land which creates parcels of land each of which comprises thirty-five or more acres of land and none of which is intended for use by multiple owners"); *Pennobscot, Inc. v. Board of County Commissioners of Pitkin County, Colo.,* 642 P.2d 915, 919 (Colo. 1982) (ruling that § 30-28-101(10)(b) provided counties no authority to impose subdivision regulations on these larger tracts). This question is one of law and, as such, I conclude that there are no material facts which need discovery on this issue.

Therefore, I conclude that Elbert County has failed to met its burden under Fed. R. Civ. P. Rule 56(d) in that it has not set forth probable facts that would raise a genuine issue of material fact necessary to oppose Plaintiff Onyx's Motion for Summary Judgment on its individual claim under 42 U.S.C. § 1983. I exercise my discretion and rule that Elbert County's Rule 56(d) motion seeking deferral of the summary judgment motion filed by Onyx will be denied at this time. However, in the event that issues are revealed in the briefing of the summary judgment motion that require determination of fact, and probable conflicting facts are deemed to be discoverable, a deferral under Rule 59(d) might be readdressed by the court.

### III. Stay of Rohrbach's Summary Judgment Motion

Prior to the consolidation of these cases, the Rohrbachs filed a Motion for Summary Judgment on Liability Only.  [Doc #3 in 11-cv-02321-RPM]  Elbert County responded by filing a Motion to Suspend Briefing on Plaintiffs' Motion for Summary Judgment on Liability Only, based on the pending motions for class certification and for consolidation.  [Doc #10 in 11-cv-02321-RPM]  In its subsequent order on the motion, the Court noted that "judicial economy and avoidance of inconsistent results warrant a stay of this action."  As such, it ordered that "further proceedings in this civil action, including the [D]efendant's response to the motion for summary judgment as to liability only are stayed until a ruling on the [P]laintiffs' motion to consolidate."  [Doc #12 in 11-cv-02321-RPM]

The motion to consolidate has been granted and, as such, I now lift the stay and briefing on the Rohrbachs' Motion for Summary Judgment on Liability Only [Doc #3 in 11-cv-02321-RPM] is resumed.  I note that Elbert County's response to this motion, as scheduled below, must address the arguments made in the Rohrbachs' Notice of Defendant's Failure to Respond to Plaintiffs' Motion for Summary Judgment and Motion for Court to Hold That Defendant Has Waived its Right to Respond.  [Doc #9 in 11-cv-02321-RPM]

ACCORDINGLY, I DENY the Defendant's Motion to Hold Briefing in Abeyance or Alternatively to Defer Ruling on Summary Judgment Motion. [**Doc #44**], and I LIFT the STAY on the Rohrbachs' Motion for Summary Judgment on Liability Only [**Doc #3 in 11-cv-02321-RPM**].  I so doing, I ORDER that Elbert County has up to and including January 4, 2012, to file responses to: 1) Plaintiffs Onyx Properties, LLC's Motion for Summary Judgment Liability Only

– Individual Claim [Doc # 39]; and 2) the Rohrbachs' Motion for Summary Judgment on Liability Only. [Doc #3 in 11-cv-02321-RPM]. Plaintiffs has up to and including January 18, 2012 to file replies thereto.

Dated:  December   14  , 2011 in Denver, Colorado.

                                BY THE COURT:

                                   s/Lewis T. Babcock
                                LEWIS T. BABCOCK, JUDGE