IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No.  10-cv-01482-LTB-KLM  (Consolidated w/11-cv-02321-RPM-MJW)

ONYX PROPERTIES LLC, a Colorado Limited Liability Company;
EMERALD PROPERTIES, LLC, a Colorado Limited Liability Company;
VALLEY BANK AND TRUST, a Colorado State Bank;
PAUL NAFTEL, an individual; and
SHAUNA NAFTEL, an individual,

       Plaintiffs,

v.

BOARD OF COUNTY COMMISSIONERS OF ELBERT COUNTY,

       Defendant.

_____

KENNETH G. ROHRBACH,
KAREN L. ROHRBACH,
PAUL K. ROHRBACH, and
COMPOST EXPRESS, INC., a Colorado Corporation,

       Plaintiffs,

v.

BOARD OF COUNTY COMMISSIONERS OF ELBERT COUNTY, in its official capacity,

       Defendant.

_____

ORDER
_____

This matter is before me on two Motions to Amend filed by Plaintiffs Onyx Properties LLC; Emerald Properties, LLC; Valley Bank and Trust, a Colorado State Bank; and Paul & Shauna Naftel, seeking to amend their complaint:  1) to expand the definition of the class [**Doc # 30** - Motion to Amend Complaint] and 2) to add a party. [**Doc # 32** - Plaintiff's Second Motion

to Amend Complaint]   Plaintiffs Kenneth G. Rohrbach, Karen L. Rohrbach, Paul K. Rohrbach, and Compost Express, Inc., have indicated that they join in these motions. [Doc # 55]  Oral arguments would not materially assist me in my determination of these motions.  After consideration of the parties' arguments, and for the reason stated, I GRANT the motions and, as such, I ORDER Plaintiffs to file as accepted its proposed "Second Amended Complaint and Jury Demand Including Complaint for Class Action."

## I.  Background

Plaintiffs are various landowners in Elbert County, Colorado.  In this consolidated case, Plaintiffs assert class claims pursuant to Fed. R. Civ. P. 23 for violations of their constitutional rights under 42 U.S.C. § 1983, "including, but not limited to, the Fifth and Fourteenth Amendment" resulting in a taking of property rights by Elbert County without due process of law.  Plaintiffs also assert individual claims under § 1983 for the loss of their individual property rights by Elbert County's enforcement of its allegedly invalid zoning regulations.  They seek damages, as well as injunctive relief enjoining Elbert County "from any further use of their invalid Zoning Regulations against" Plaintiffs and all other members of the public.

## II.  First Motion to Amend

In its first motion to amend, Plaintiffs seek to expand the proposed class definition from "a class consisting of all persons who have on or after August 28, 1997 (1) submitted an application for an A-1 rezone; and (2) all persons who have had the A-1 provisions of the Zoning Regulations as amended by Wolf (inclusive of the Wolf Maps) and Elbert County enforced against them regarding the A-1 zone" to "all persons who submitted any application under Elbert County's Zoning Regulations and who were subjected to the county's enforcement of any aspect

of its Zoning Regulations." Elbert County, in response, does not oppose this request on the basis that it is too broad because "such issues are better fleshed out in briefing and a hearing on class certification." Rather, Elbert County opposes the motion because it contends that the proposed amendment is untimely and would be prejudicial.

Pursuant to Fed. R. Civ. P. 15, a plaintiff may amend its complaint after the defendant has answered only with leave of court. Fed. R. Civ. P. 15(a) (2)(after a responsive pleading has been served, "a party may amend its pleadings only with the opposing party's written consent or the court's leave"). The Court has the discretion whether to grant a motion seeking leave to amend, and leave should be freely granted where justice requires. *Id.*; *Anderson v. Merrill Lynch Pierce Fenner & Smith Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008). The Court may exercise its discretion to deny a motion to amend, however, upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by previously allowed amendments, or futility of the amendment. *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

In determining whether untimeliness justifies denial of a motion to amend, "[l]ateness does not of itself justify the denial of the amendment." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006). "However, "a party who delays in seeking an amendment is acting contrary to the spirit of the rule and runs the risk of the court denying permission because of the passage of time." *Id.* (citation omitted). Thus, the focus is "primarily on the reasons for the delay." *Id.* at 1205. Courts in this circuit "typically find prejudice only when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment." *Id.* at 1207. This occurs most often "when the amended claims arise out of a subject matter different

from what was set forth in the complaint and raise significant new factual issues." *Id.*

Elbert County asserts that Plaintiffs' motion seeking to expand the class definition should be denied as untimely. Specifically, it argues that the complaint was filed on June 23, 2010, the motion was filed more than a year later and a few months prior to the class-based discovery deadline of November 7, 2011, and no reason is provided for the lengthy delay in seeking leave to amend. While it concedes that the motion was filed within the time permitted by the scheduling order, Elbert County argues that "this does not excuse Plaintiffs' undue delay of their efforts to expand the class definition." In addition, Elbert County argues that the belatedness of this amendment request results in prejudice in that Plaintiffs seek to expand the class from a relatively discrete pool of individuals to a broad and unlimited group which, in turn, would increase the amount of discovery necessary for it to prepare for the class certification hearing.

In response, Plaintiffs argue that because this motion to amend is timely under the scheduling order, it cannot constitute a showing of "undue delay" to overcome the very liberal standard of Fed. R. Civ. P. 15(a). Likewise, Plaintiffs maintain that Elbert County cannot show undue prejudice in that it had "plenty of notice of this amendment" because counsel indicated its intention to amend as early as February of 2011, that they delay was at Elbert County's request, and that Elbert County failed to seek discovery from Plaintiffs until September 30, 2011. *See Frank v. U.S. West, supra,* 3 F.3d at 1365-66 (holding that denial of leave to amend is appropriate "when the party filing the motion has no adequate explanation for the delay"). Thus, I agree that Elbert County's argument in support of its claim of undue prejudice based on "11th hour" request to amend is without merit. As such, I will grant Plaintiffs' First Motion to Amend.

### III.  Second Motion to Amend

In its second motion to amend, Plaintiffs seek to add a new party plaintiff.  Plaintiffs note that although they do not agree with Elbert County's assertion that Local Service Corporation ("LSC") is both a necessary party and a real party in interest rather than Plaintiff Valley Bank and Trust, it nonetheless seeks to join LSC as a party pursuant to Fed. R. Civ. P. 20.  In so doing, Plaintiffs aver that LSC, through its trustee in bankruptcy, has agreed to become a party plaintiff in this action and that Plaintiff are acting on behalf of LSC in moving to amend the complaint to add it as a party.

Elbert County, in response, "does not oppose the addition of the Estate of Local Service Corporation, by and through its Chapter 11 bankruptcy trustee, Simon E. Rodriguez, as a party plaintiff," but notes that its lack of opposition  "should not be construed as a waiver of any of the Defendant's defenses regarding this party's claims."  Rather, Elbert County opposes the Second Motion to Amend in that the proposed "Second Amended Complaint and Jury Demand Including Complaint for Class Action" attached to the motion also contains the change to the class definition as sought by Plaintiffs' First Motion to Amend.  However, since I have concluded that I will grant that motion, Elbert County's objection is no longer an issue.

Therefore, I will also grant Plaintiffs Second Motion to Amend and, as such, allow the filing of the proposed  Second Amended Complaint and Jury Demand Including Complaint for Class Action attached to Plaintiffs' Second Motion to Amend the Complaint. [Doc # 32-1]

ACCORDINGLY, I GRANT Plaintiff's Motion to Amend Complaint [**Doc # 30**]; I GRANT Plaintiff's Second Motion to Amend Complaint [**Doc # 32**], and I ORDER Plaintiffs to file their proposed Second Amended Complaint and Jury Demand Including Complaint for Class Action [Doc # 32-1] within fourteen (14) days from the date of this order.

Dated:  December   19  , 2011 in Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE