IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 10-cv-01482-LTB-KLM (Consolidated w/11-cv-02321-RPM-MJW)

ONYX PROPERTIES LLC, a Colorado Limited Liability Company;
EMERALD PROPERTIES, LLC, a Colorado Limited Liability Company;
VALLEY BANK AND TRUST, a Colorado State Bank;
PAUL NAFTEL, an individual;
SHAUNA NAFTEL, an individual;

KENNETH G. ROHRBACH;
KAREN L. ROHRBACH;
PAUL K. ROHRBACH;
COMPOST EXPRESS, INC., a Colorado Corporation; and

LOCAL SERVICE CORPORATION, by and through its Chapter 11 bankruptcy trustee,
    Simon E. Rodriguez,

           Plaintiffs,

v.

BOARD OF COUNTY COMMISSIONERS OF ELBERT COUNTY,

           Defendant.
_____

MEMORANDUM OPINION AND ORDER
_____

    This matter is before me on Plaintiff Onyx Properties, LLC's Motion for Summary Judgment Liability Only - Individual Claim, filed by Plaintiff Onyx Properties, LLC ("Onyx") on October 28, 2011. [**Doc # 39**] Defendant, the Board of County Commissioners of Elbert County (the "BOCC") opposes this motion. Oral arguments will not materially aid in the resolution of this motion. After consideration of the parties' briefs, and for the reasons stated below, I DENY the motion.

## I. Background

Plaintiffs are various landowners in Elbert County, Colorado. Plaintiffs Onyx Properties LLC, Emerald Properties LLC, Valley Bank and Trust, and Paul & Shauna Naftel (collectively, the "Development Plaintiffs") owned property in Elbert County in developments known as Kiowa Creek Estates and Wolf Creek Ranch. During the 2004-2006 time period, the Development Plaintiffs sought to divide their respective properties into 35-acre parcels for development and sale. Elbert County required both developments to proceed through a re-zoning process. Wolf Creek Ranch was re-zoned from "A-Agriculture" to an "A-1" designation on October 27, 2004, and Kiowa Creek Estate was re-zoned from "A-Agriculture" to an "A-1" designation on September 20, 2006.

Thereafter, in September of 2009, a panel of the Colorado Court of Appeals issued an opinion in which it reversed the Elbert County District Court in a zoning enforcement action brought by the BOCC against property owners Plaintiffs Kenneth G. Rohrbach, Karen L. Rohrbach, Paul K. Rohrbach and Compost Express, Inc. (collectively, the "Rohrbachs"). *See Board of County Commissioners of Elbert County v. Rohrbach*, 226 P.3d 1184 (Colo. App. Sept. 3, 2009). In that enforcement action, the BOCC asserted that the Rohrbachs' property was zoned "A-Agriculture" and, as such, their composting operation on the property was not a permitted use under that classification. In response, the Rohrbachs argued that the zoning regulations were invalid and unenforceable because portions of them had not been properly enacted, and that the BOCC could not establish that their parcel was actually zoned "A-Agriculture" because it had no copy of the official zoning map that was incorporated into the regulations. *Id.* at 1185-86.

The trial court ruled in favor of the BOCC and enjoined the Rohrbach's from composting on their property. In so doing, it found that the BOCC had proved that the zoning regulation was properly adopted, and that the BOCC had met its burden of proving that the Rohrbachs' property was zoned Agricultural. *Id.* at 1186.

On appeal, a panel of the Colorado Court of Appeals reversed the trial court. It determined that:

> It is undisputed that the 1983 zoning regulation is the one that controls the zoning of the Rohrbachs' parcel. That regulation established zoning areas by showing them on the map "dated July 5, 1983." The Board was not able to find and did not introduce that map into evidence. Because the text of the regulation relied on the map to establish the zoning and the map was not produced, the [trial] court could not ascertain the zoning adopted by the Board. . . . Accordingly, we conclude, as a matter of law, that the Board did not establish the zoning classification of the Rohrbachs' parcel.

*Id.* at 1188. The Court of Appeals reversed the trial court by concluding that "because the [BOCC] did not introduce a copy of the July 5, 1983 map in this case, it failed to prove that the Rohrbachs' property was zoned agricultural [and t]hus, the trial court erred in granting the injunction." *Id.* at 1189. In so doing, the Court of Appeals specifically expressed "no opinion on the validity of [Elbert] County's zoning regulations or whether proper statutory procedures were followed in their enactment. Nor do we express any opinion about the effect of this ruling on other parcels." *Id.* A Petition for Writ of Certiorari was subsequently denied by the Colorado Supreme Court on March 15, 2010. *See* 2010 WL 893813 (Colo. 2010).

The Development Plaintiffs then filed this lawsuit, on June 23, 2010, in which they assert individual claims under 42 U.S.C. §1983 for the loss of their individual property rights, without due process of law, by Elbert County's alleged illegal enforcement of its invalid zoning regulations and related map as determined by the Colorado Court of Appeals. The Development

Plaintiffs also assert class claims – on behalf of all persons who submitted applications and who were subjected to Elbert County's enforcement of any aspect of Elbert County's 1983 zoning regulations – for violations of their constitutional rights. Plaintiff Onyx filed this motion on October 28, 2011, seeking summary judgment in its favor as a matter of law, on the liability related to its individual §1983 claim against the BOCC.

## II. Statute of Limitations

As an initial matter, because it is dispositive, I address the BOCC's assertion that Onyx is not entitled to entry of summary judgment in that its §1983 claim is time-barred. The parties agree that the applicable statute of limitations in this case is two years. *See* Colo. Rev. Stat. §13-80-102(g)("[a]ll actions upon liability created by a federal statute where no period of limitation is provided in said federal statute . . . shall be commenced within two years after the cause of action accrues"); *Industrial Constructors Corp. v. U.S. Bureau of Reclamation,* 15 F.3d 963, 968 (10th Cir. 1994)(an action brought pursuant to 42 U.S.C. §1983 is subject to the statute of limitations of the general personal injury statute in the state where the action arose).

A. Date of Accrual:

The accrual date is the date when the two-year statute of limitations begins to run. Assessing the accrual date of a §1983 cause of action is a question of federal law. *Wallace v. Kato*, 549 U.S. 384, 388, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007); *Smith v. City of Enid By and Through Enid City Comm'n*, 149 F.3d 1151 (10th Cir. 1998). Under federal law, the accrual date is the date when the Rohrbachs knew or had reason to know "of the injury which is the basis of the action." *Smith v. City of Enid, supra,* 149 F.3d at 1154 (*quoting Baker v. Board of Regents of the State of Kansas*, 991 F.2d 628, 632 (10th Cir. 1993)). Since the injury in a § 1983 case is the

violation of a constitutional right, to establish the date of accrual in such a case, the court is to "to identify the constitutional violation and locate it in time." *Id.*

The BOCC argues that it is undisputed, and I agree, that in the Fall of 2005, Plaintiff Paul Naftel (the owner of Plaintiff Onyx) went to the Planning Department to inquire about dividing Onyx's 320-acre Elbert County property into 35-acre parcels. At that time, Planning Director Kenneth Wolf informed Naftel that the property was zoned "A-Agriculture," and it had to be re-zoned to "A-1" before the property could be divided into 35 acre parcels and to obtain building permits. As a result, Onyx hired an owner consultant and representative, who submitted an application to re-zone the property on December 12, 2005. The BOCC subsequently passed a resolution approving the re-zoning of the Onyx property on September 20, 2006, and the formal BOCC approval was recorded on December 28, 2006. [Doc # 39, Ex. 3] Thus, in response to this motion, the BOCC argues that all of the requisite elements of Onyx's §1983 due process claim occurred on September 20, 2006, when the Board passed the resolution approving their re-zoning application that, in turn, began the running of the statute of limitations. As such, it argues that the two-year period expired on September 20, 2008, and the filing of this case in June of 2010, was out of time.

I agree with the BOCC that the constitutional violation and injury which is the basis of the action occurred when Elbert County enforced the alleged improper zoning regulations and maps against Onyx by requiring that it re-zone their property in 2005 and 2006; specifically, the injury occurred when the BOCC ruled upon the re-zoning application – September 20, 2006. Onyx argues, however, that its §1983 claim did not accrue at the time the BOCC approved its application, because it did not know or have reason to know that the BOCC was wrongfully

enforcing illegal zoning regulations and map. Rather, it asserts that the accrual date was actually the date the Colorado Court of Appeals ruled that the BOCC's failure to produce a zoning map resulted in its inability, as a matter of law, to establish the zoning classification of the Rohrbachs' parcel – September 3, 2009. Onyx maintains that it is undisputed that it was not aware that the official zoning map had been misplaced, and that Elbert County's Planning Department improperly held out that the zoning regulation and maps it was enforcing were proper and official. As such, there is no fact that would have put Onyx on notice that the regulations and maps being enforced against it were illegal, as adopted without substantive due process, until the Colorado Court of Appeals ruling.

I agree with the BOCC that Onyx should have discovered that the regulations and maps were improper at the time they were required to re-zone the property. "A civil rights action accrues when facts that would support a cause of action are or should be apparent." *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995)(quotation omitted); *see also Mata v. Anderson,* 685 F.Supp.2d 1223, 1247 (D.N.M. 2010). The test is an objective one, with the focus "on whether the plaintiff knew of facts that would put a reasonable person on notice that wrongful conduct caused the harm." *Alexander v. Oklahoma*, 382 F.3d 1206, 1216 (10th Cir. 2004). "In this context, a plaintiff must use reasonable diligence in seeking to discover facts giving rise to a claim for relief." *Mata v. Anderson, supra*, 685 F.Supp.2d at 1247 (*quoting Alexander v. Oklahoma*, *supra*, 382 F.3d at 1216). Onyx had retained both experienced counsel and an owner-consultant/representative during the re-zoning process and, more importantly, the Rohrbachs discovered the alleged impropriety when Elbert County attempted enforcement against them. *See Baker v. Board of Regents, supra,* 991 F.2d at 632 (citations omitted)("[i]t is

6

not necessary that a claimant know all of the evidence ultimately relied on for the cause of action to accrue"). Thus, the accrual date that the two-year statute of limitations began to run on Onyx's §1983 claim commenced on September 20, 2006.

B.  Equitable Tolling:

Onyx further argues that if the accrual date was at the time its property was re-zoned, as I have determined, the two-year statute of limitations period was equitably tolled because the BOCC concealed that its zoning regulations and maps were not legal or enforceable, thereby preventing Onyx from knowing that it was being injured or that a cause of action existed.

While the determination of an accrual date of §1983 claim is a question of federal law, "the length of a statute of limitations period and related questions of tolling and application are governed by state law, unless the tolling rules are inconsistent with federal law or with the policy which federal law seeks to implement." *Baker v. Board of Regents*, *supra*, 991 F.2d at 632–33. Thus, "[s]tate law governs the application of tolling in a civil rights action." *Alexander v. Oklahoma*, *supra*, 382 F.3d at 1217; *see also Board of Regents, University of New York v. Tomanio*, 446 U.S. 478, 484-85, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980)(rejecting the use of a "federal tolling rule" in § 1983 suits, which are to be determined by reference to the appropriate "state statute of limitations and the coordinate tolling rules," and ruling that the state's legislative choices were therefore "binding rules of law" as they did not defeat either §1983's chief goals of compensation and deterrence, or its subsidiary goals of uniformity and federalism).

Colorado allows for equitable tolling "only in situations in which the defendant has wrongfully impeded the plaintiff's ability to assert the claim, or in which truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts." *Chilcott Entertainment L.L.C. v. John G. Kinnard Co., Inc.*, 10 P.3d 723, 726 (Colo. App. 2000)(*quoting Dean Witter Reynolds, Inc. v. Hartman,* 911 P.2d 1094, 1099 (Colo. 1996)). Onyx does not argue that "truly extraordinary circumstances" prevented it from timely filing this action, but rather that the BOCC "wrongfully impeded" its ability to assert the claim via its own fraudulent concealment.

In *Dean Witter Reynolds v. Hartman, supra*, the Colorado Supreme Court reviewed cases in which Colorado courts applied the doctrine of equitable tolling where the defendant's wrongful conduct prevented the plaintiff from asserting his or her claims in a timely manner. 911 P.2d at 1096-97. Those cases were primarily based on the defendant's failure to provide information it was legally required to provide. *Id.; see also Shell Western E&P, Inc. v. Dolores County Board of Comm'rs*, 948 P.2d 1002, 1008 (Colo. 1997)(noting that equitable tolling is generally employed where the person seeking to assert the statute of limitations defense has failed to provide notice or furnish information as required by statute).

In *First Interstate Bank v. Piper Aircraft Corp.,* 744 P.2d 1197, 1200 (Colo. 1987), the court held that a limitations period in a wrongful death claim could be subject to tolling for fraudulent concealment of the facts underlying the wrongful act. The Court ruled that the elements of fraudulent concealment, which a plaintiff must prove in order to toll a statute of limitations, are:

> (1) the concealment of a material existing fact that in equity and good conscience should be disclosed; (2) knowledge on the part of the party against whom the claim is asserted that such a fact is being concealed; (3) ignorance of that fact on the part of the one from whom the fact is concealed; (4) the intention that the concealment be acted upon; and (5) action on the concealment resulting in damages. *Id.*

However, "a limitation period should not be tolled for fraudulent concealment unless a plaintiff 'is unable, by reasonable diligence, to discover the facts necessary for determining the existence of a claim for relief.'" *BP America Production Co. v. Patterson*, 263 P.3d 103, 109 (Colo. 2011)(*quoting First Interstate Bank v. Piper Aircraft, supra,* 744 P.2d at 1200). As I have discussed, under the facts of this case Onyx should have discovered – with reasonable diligence – that the regulations and maps were improper at the time they were required to re-zone the property. *See Morrison v. Goff*, 91 P.3d 1050, 1057 (Colo. 2004) ("because tolling is an equitable remedy, its application involves an examination of the facts and circumstances of individual cases to determine when equity requires such a remedy"). Therefore, I conclude that the doctrine of equitable tolling does not apply to suspend the running of the statute of limitations in this case under Colorado law. Because I have determined the statute of limitations issue in favor of the BOCC, I do not reach the merits of Onyx's motion here.

### III. Conclusion

In this motion Onyx seek summary judgment, as a matter of law, against the BOCC on the issue of liability only. However, because I have found that the BOCC prevails on their statute of limitations affirmative defense, in the context of this motion, I cannot grant the motion seeking summary judgment in favor of Onyx. *See generally* Fed. R. Civ. P. 7(b); *Home Design Services, Inc. v. Trumble,* 2011 WL 843900, 4 (D.Colo. 2011)(not selected for publication). I

note that the BOCC may invoke its statute of limitations defense to this motion in this Court by appropriate motion.

ACCORDINGLY, I DENY Plaintiff Onyx Properties, LLC's Motion for Summary Judgment Liability Only - Individual Claim. [**Doc # 39**]

Dated: June   12   , 2012 in Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE