IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 10-cv-01482-LTB-KLM (Consolidated w/11-cv-02321-RPM-MJW)

ONYX PROPERTIES LLC, a Colorado Limited Liability Company;
EMERALD PROPERTIES, LLC, a Colorado Limited Liability Company;
VALLEY BANK AND TRUST, a Colorado State Bank;
PAUL NAFTEL, an individual;
SHAUNA NAFTEL, an individual;

KENNETH G. ROHRBACH;
KAREN L. ROHRBACH;
PAUL K. ROHRBACH;
COMPOST EXPRESS, INC., a Colorado Corporation; and

LOCAL SERVICE CORPORATION, by and through its Chapter 11 bankruptcy trustee,
    Simon E. Rodriguez,

                                Plaintiffs,

v.

BOARD OF COUNTY COMMISSIONERS OF ELBERT COUNTY,

                                Defendant.
_____

MEMORANDUM OPINION AND ORDER
_____

This matter is before me on Plaintiffs' Motion for Summary Judgment Liability Only, filed by Kenneth G. Rohrbach, Karen L. Rohrbach, Paul K. Rohrbach and Compost Express, Inc. (collectively, the "Rohrbachs") in consolidated case number 11-cv-02321-RPM-MJW on October 7, 2011. [**Doc # 3 in 11-cv-2321**] Defendant, the Board of County Commissioners of Elbert County (the "BOCC") opposes this motion. Oral arguments will not materially aid in the resolution of this motion. After consideration of the parties' briefs, and for the reasons stated below, I DENY the Rohrbachs' motion.

## I. Background

In late 2004, the Rohrbachs began composting horse manure on an 80-acre parcel of property they owned in Elbert County for the purpose of resale as landscaping compost. By late 2005, the Rohrbachs were approached by an Elbert County Code Compliance Officer about whether their property was properly zoned to compost the horse manure for resale. As a result, the Rohrbachs sought a temporary use application. At the related public hearing held on June 21, 2006, it became clear that the BOCC was not going to approve the application, and instead were going to require a re-zoning of the property. As a result, the Rohrbachs withdrew the application, but continued composting on the property believing that it was a use by right. Within a week, the BOCC sent the Rohrbachs a notice, dated June 29, 2006, indicating that they must cease operations within 30 days, because they were not in compliance with Elbert County zoning regulations.

When the Rohrbachs did not stop, the BOCC filed an enforcement action in Elbert County District Court on November 10, 2006, seeking to enjoin the Rohrbachs from operating their commercial composting business. The BOCC argued that the Rohrbachs' property was zoned "A-AGRICULTURE," and that the composting operation was not a permitted use under the terms of that classification. The Rohrbachs filed counterclaims asserting that the BOCC was illegally enforcing its zoning regulations, and seeking injunctive relief as well as damages for constitutional violations under 42 U.S.C. §1983 based, in part, upon the failure of the BOCC to adopt a zoning map.

By stipulation of the parties, that action was bifurcated and the injunctive claims moved forward, while the Rohrbachs' counterclaims against the BOCC were not litigated. The trial

court ruled in favor of the BOCC – by finding that it had proved that the zoning regulation was properly adopted, and that it had met its burden of proving that the parcel was zoned Agricultural – and enjoined the Rohrbachs' composting operation. The trial court did not rule on the Rohrbachs' §1983 counterclaim by stipulation of the parties.

On appeal, a panel of the Colorado Court of Appeals determined that:

> It is undisputed that the 1983 zoning regulation is the one that controls the zoning of the Rohrbachs' parcel. That regulation established zoning areas by showing them on the map "dated July 5, 1983." The Board was not able to find and did not introduce that map into evidence. Because the text of the regulation relied on the map to establish the zoning and the map was not produced, the [trial] court could not ascertain the zoning adopted by the Board. . . . Accordingly, we conclude, as a matter of law, that the Board did not establish the zoning classification of the Rohrbachs' parcel.

*Board of County Commissioners of Elbert County v. Rohrbach*, 226 P.3d 1184, 1188 (Colo. App. Sept. 3, 2009). The Court of Appeals reversed the trial court by concluding that "because the [BOCC] did not introduce a copy of the July 5, 1983 map in this case, it failed to prove that the Rohrbachs' property was zoned agricultural [and t]hus, the trial court erred in granting the injunction." *Id.* at 1189. In so doing, the Court of Appeals specifically expressed "no opinion on the validity of [Elbert] County's zoning regulations or whether proper statutory procedures were followed in their enactment. Nor do we express any opinion about the effect of this ruling on other parcels." *Id.* A Petition for Writ of Certiorari was subsequently denied by the Colorado Supreme Court on March 15, 2010. *See* 2010 WL 893813, (Colo. 2010). Both parties agree that the state court case remains pending in Elbert County District Court on remand from the Court of Appeals.

Thereafter, on September 2, 2011, the Rohrbachs filed a federal lawsuit (Case No. 11-cv-2321-RPM-MJW) seeking damages, under 42 U.S.C. §1983 for violation of due process, against

the BOCC for enforcement of unconstitutional and non-existent zoning regulations. Their federal lawsuit was subsequently consolidated into this case. [Doc # 13]  Before the case was consolidated, the Rohrbach filed the motion at issue here seeking judgment against the BOCC on the issue of liability, as a matter of law, on their §1983 claim based on the Colorado Court of Appeals ruling. [Doc #3 in 11-cv-2321]

## II.  Statute of Limitations

Because it is dispositive, I first address the BOCC's argument that Plaintiffs' §1983 claim here is time barred by the running of the applicable statute of limitations prior to their filing their federal lawsuit. The parties agree that the applicable statute of limitations in this case is two years. *See* Colo. Rev. Stat. §13-80-102(g)("[a]ll actions upon liability created by a federal statute where no period of limitation is provided in said federal statute . . . shall be commenced within two years after the cause of action accrues"); *Industrial Constructors Corp. v. U.S. Bureau of Reclamation,* 15 F.3d 963, 968 (10th Cir. 1994)(an action brought pursuant to 42 U.S.C. §1983 is subject to the statute of limitations of the general personal injury statute in the state where the action arose).

**A.  Date of Accrual:**

The accrual date is the date when the two-year statute of limitations begins to run. Assessing the accrual date of a §1983 cause of action is a question of federal law. *Wallace v. Kato*, 549 U.S. 384, 388, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007); *Smith v. City of Enid By and Through Enid City Comm'n*, 149 F.3d 1151, 1154 (10th Cir. 1998). As such, the accrual date is the date when the Rohrbachs knew or should have known that their constitutional rights were violated. *Smith v. City of Enid*, *supra*, 149 F.3d at 1154 ("[s]ince the injury in a § 1983 case is

the violation of a constitutional right, such claims accrue when the plaintiff knows or should know that his or her constitutional rights have been violated")(citations and quotations omitted). Thus, to establish the date of accrual in a §1983 case, the court is to "to identify the constitutional violation and locate it in time." *Id.*

The BOCC argues that the accrual date – as the date when the Rohrbachs knew that their constitutional rights were being violated – was June 29, 2006, when it issued the Rohrbachs its notice of violation or, at the latest, November 10, 2006, when the BOCC filed its enforcement action against the Rohrbachs in state court. As such, the BOCC asserts that the Rohrbachs' federal case – filed on September 2, 2011 – is outside of the two-year limitations period under §13-80-102, and, as such, is time barred in this Court. In response, the Rohrbachs argue that the accrual date in this case was, at the earliest, September 3, 2009, the date the Colorado Court of Appeals reversed the decision of the trial court. The Rohrbachs maintain that this accrual date was the result of the parties' stipulations in the state court lawsuit.

Prior to the trial in state court, the parties stipulated to a bifurcation in which the injunction claims were heard first (the BOCC sought an injunction enjoining the Rohrbachs from using their property as a composting operation, and the Rohrbachs' sought an injunction against the BOCC from enforcing its invalid zoning regulations) and then the Rohrbachs' counterclaim for damages under §1983 would be determined at a later trial. [Exhibit #9 – dated July 13, 2007]

Following the trial court's ruling in favor of the BOCC, the parties filed a "Stipulated Motion for Confession of Judgment on Defendants' First and Third Counterclaims and Entry of Final Judgment," in which they agreed that the Rohrbachs' counterclaim alleging a federal law violation of due process under 42 U.S.C. §1983 was not tried. [Exhibit #13 – dated August 25,

2008] The parties then stipulated that "[b]ased on the Court's ruling on the validity of the zoning regulations and for purposes of judicial economy, the parties stipulate that if the remaining damages claims went to trial, the Court would have ruled in [the BOCC's] favor. Therefore, the [Rohrbachs] consent that judgment be entered in favor of the [BOCC] and against them on their first [state law inverse condemnation claim] and third [violation of due process under 42 U.S.C. §1983] counterclaims." [Exhibit #13 ¶4] Furthermore, the stipulation provided that "[t]he Court's order approving this Stipulation will resolve all matters of this action and shall be final judgment for purposes of Rule 54(a), C.R.C.P. To this end, the parties request that the Court enter final judgment in favor of [the BOCC] on all claims and that it enter final judgment." [Exhibit #13 ¶5] However, the parties further indicated that: "by entering into this Stipulation the [Rohrbachs] are not conceding that their first and third counterclaims are otherwise without merit. The [Rohrbachs] specifically reserve all rights to assert all of their counterclaims against [the BOCC] in the event that the Court of Appeals or Supreme Court reverses the Trial Court's ruling . . . . This Stipulation of Final Judgment is entered into solely for purposes of judicial economy in order to have the primary issues reviewed on appeal. [The BOCC] also reserves all rights to its defenses against the [Rohrbachs'] counterclaims in the event the [Rohrbachs] subsequently prosecute their damages counterclaims." [Exhibit #13 ¶6] Based on the parties' stipulated motion, the state court entered judgment in favor of the BOCC on the counterclaims, and entered "final judgment in this matter, recognizing the [Rohrbachs'] right to assert all of their counterclaims should the Trial Court be reversed on appeal." [Exhibit #14 – dated August 26, 2008] The trial court was, in fact, subsequently reversed on appeal.

The Rohrbachs contend, based on their stipulation to suspend ruling on their counterclaims in the state court, that their §1983 claim raised here did not accrue until the Colorado Court of Appeals reversed the trial court. Specifically, the Rohrbachs argue that the stipulation had the effect of changing or re-setting the statute of limitations accrual date. While the stipulation might be construed as an agreement to *toll* the running of the statute of limitations period, as discussed *infra,* I disagree that the stipulation served as an agreement to adjust the date that claim accrued or the statute of limitations commenced running – as the time that the Rohrbachs knew or should have known of the constitutional violation. *See generally Rosales v. Ortiz*, 325 Fed.Appx. 695, 699 (10th Cir. 2009)(not selected for publication)(rejecting the plaintiff's argument that the two-year statute of limitations on his §1983 claim did not "commence" until he was able to exhaust his administrative remedies, as such contention "invokes the doctrine of tolling, both legal and equitable"); *Snyder v. Rickter*, 2011 WL 6986787 (D. Colo. 2011)(not published)(ruling that neither the pendency of another case, nor its subsequent dismissal without prejudice for failure to exhaust administrative remedies, tolled the applicable statute of limitations on Plaintiff's §1983 claims under Colorado law).

While the purpose of the stipulation was to reserve the Rohrbachs' right to pursue their §1983 claim in the underlying state case, their position that the stipulation could have re-set the starting or accrual date for statute of limitations purposes here is not supported by persuasive authority. My review of the authority cited by the Rohrbachs fails to support their argument. In *Hunter-Boykin v. George Washington University,* 132 F.3d 77, 79 (D.C. Cir. 1998), the Court of Appeals for the District of Columbia ruled that private parties may contract to toll the running of any statute of limitations period for the filing of a racial discrimination claim under 42 U.S.C.

7

§1981. In *Hunter-Boykin v. George Washington, supra,* the Court found that the usual rule applied; that "in the absence of a controlling statute to the contrary, the parties to a . . . potential lawsuit may, by agreement, modify a statutory period of limitation." *Id.* (*quoting* 54 C.J.S. Limitations of Actions § 25, at 56 (1987)). This case, however, relates to a "private tolling agreement" in which parties agreed to suspend the running of a statute of limitations; it is not an agreement to re-set or change the accrual date on a statute of limitations. Furthermore, in that case the parties specifically agreed to "to toll the running of any statute of limitations period," while here no such language was used here and, as discussed *infra*, Colorado law indicates "a policy disfavoring tolling by mere pendency of a prior action." *Cook v. G.D. Searle & Co., Inc.,* 759 F.2d 800, 805 (10th Cir. 1985). As such, I reject the Rohrbachs' assertion that their stipulation in the state court action acted to re-set the accrual date of their §1983 claim raised here.

### **B. Statutory/Equitable Tolling:**

Alternatively, the Rohrbachs assert that the statute of limitations on their §1983 claim was tolled upon the timely filing of the state court lawsuit. Statutory and equitable tolling serves to suspend the running of a statute of limitations in that it "tempers the strict regimes of dates and deadlines imposed by statutes of limitation[; t]he objective is to ensure that a person forfeits his rights only when he inexcusably delays assertion of them." *Freeman v. Alex Brown & Sons, Inc.,* 73 F.3d 279, 281 (10th Cir. 1996).

While the determination of an accrual date of §1983 claim is a question of federal law, "the length of a statute of limitations period and related questions of tolling and application are governed by state law, unless the tolling rules are inconsistent with federal law or with the policy

which federal law seeks to implement." *Baker v. Board of Regents of State of Kansas*, 991 F.2d 628, 632–33 (10th Cir. 1993); *see also Hardin v. Straub*, 490 U.S. 536, 539, 109 S.Ct. 1998, 104 L.Ed.2d 582 (1989)("limitations periods in §1983 claims are to be determined by reference to the appropriate state statute of limitations"). Thus, "[s]tate law governs the application of tolling in a civil rights action." *Alexander v. Oklahoma*, 382 F.3d 1206, 1217 (10th Cir. 2004)(citations omitted); *see also Board of Regents, University of New York v. Tomanio*, 446 U.S. 478, 484-85, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980)(rejecting the use of a "federal tolling rule" in § 1983 suits, which are to be determined by reference to the appropriate "state statute of limitations and the coordinate tolling rules," and ruling that the state's legislative choices were therefore "binding rules of law" as they did not defeat either §1983's chief goals of compensation and deterrence, or its subsidiary goals of uniformity and federalism).

"Absent a specific statutory provision, Colorado law does not allow for the tolling of a statute of limitations during the pendency of a prior action." *SMLL, L.L.C. v. Peak Nat. Bank,* 111 P.3d 563, 565 (Colo. App. 2005)(*quoting Chilcott Entertainment L.L.C. v. John G. Kinnard Co., Inc.*, 10 P.3d 723 (Colo. App. 2000)). As applicable here, Colorado provides this remedial statutory tolling provision: "[i]f an action is commenced within the period allowed by this article and is terminated because of lack of jurisdiction or improper venue, the plaintiff may commence a new action upon the same cause of action within ninety days after the termination of the original action . . ." Colo. Rev. Stat. §13-80-111(1). This section "shall be applicable to all actions which are first commenced in a federal court as well as those first commenced in the courts of Colorado or of any other state." Colo. Rev. Stat. §13-80-111(2). However, the situation at issue here – in which the state claim was not "terminated because of lack of

9

jurisdiction or improper venue" and, in fact, remains pending – is clearly not contemplated by the applicable remedial revival tolling statute provided by the Colorado legislature.

Although Colorado courts also provide for equitable tolling of a statute of limitations, it is likewise not available under the circumstances here. Colorado permits application of the equitable tolling doctrine "only in situations in which the defendant has wrongfully impeded the plaintiff's ability to assert the claim, or in which truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts." *Chilcott Entertainment v. John G. Kinnard Co., supra*, 10 P.3d at 726 (*quoting Dean Witter Reynolds, Inc. v. Hartman,* 911 P.2d 1094, 1099 (Colo.1996)); *see also Cook v. G.D. Searle & Co., supra,* 759 F.2d at 805 (noting that Colorado law indicates "a policy disfavoring tolling by mere pendency of a prior action").

In *Dean Witter Reynolds, Inc. v. Hartman, supra*, the Colorado Supreme Court ruled against the plaintiff who argued that the statute of limitations was equitably tolled while he waited to bring an action against the defendants until he had a positive result and entry of final judgment in a related action against a third party. 911 P.2d. 1094 (Colo. 1996). The Court ruled that the doctrine of equitable tolling is limited "to situations in which either the defendant has wrongfully impeded the plaintiff's ability to bring the claim or truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts" and, as such, was not available to toll the statute of limitations during the pending related lawsuit. *Id.* at 1099. In *Braxton v. Zavaras,* the Tenth Circuit noted that the "extraordinary circumstances" aspect of equitable tolling under Colorado law is based on the reasoning "that it is unfair to penalize the plaintiff for circumstances outside his or her control, so long as the plaintiff makes good faith efforts to pursue the claims when possible." 614 F.3d 1156, 1161-62 (10th Cir. 2010)(*quoting*

*Dean Witter Reynolds, Inc. v. Hartman, supra*, 911 P.2d at 1097); *see also CAMAS Colo., Inc. v. Bd. of County Comm'rs*, 36 P.3d 135, 140–41 (Colo. App. 2001).

Here, there is no showing that the BOCC wrongfully prevented inclusion of specific "tolling" language in the parties' stipulations. Nor was it outside the Rohrbachs' control to insist on such language in arms length negotiation. Because the Rohrbachs have neither demonstrated that the BOCC wrongfully impeded their ability to bring the claim, nor that truly extraordinary circumstances prevented them from filing their §1983 action here, despite diligent efforts, they are not entitled to equitable relief under Colorado law. *See Clementson v. Countrywide Financial Corp.,* 2012 WL 375508, 5 (10th Cir. 2012)(not selected for publication); *Braxton v. Zavaras, supra,* 614 F.3d at 1159 -60 ("[u]nder Colorado law, plaintiffs bear the burden of demonstrating that the statute of limitations should be tolled). Because I have determined the statute of limitations issue in favor of the BOCC, I do not reach the merits of the Rohrbachs' motion.

### III. Conclusion

In this motion the Rohrbachs seek summary judgment, as a matter of law, against the BOCC on the issue of liability only. However, because I have determined that the BOCC prevails on this motion on their statute of limitations affirmative defense in this case, I cannot grant the Rohrbachs' motion seeking summary judgment in their favor. *See generally* Fed. R. Civ. P. 7(b); *Home Design Services, Inc. v. Trumble,* 2011 WL 843900, 4 (D.Colo. 2011)(not selected for publication).

In so doing, I note that to the extent that the Rohrbachs argue that this issue has been decided by Judge Richard P. Matsch – in the instant case prior to consolidation – when he

summarily denied the BOCC's Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6), Or, In The Alternative, to Dismiss or Stay this Action Pending the Outcome of Parallel Litigation in Colorado State Court, I disagree.  It is clear from Judge Matsch's order denying the motion that such denial was not based on the merits of the arguments, but rather served to stay "further proceedings in the matter to permit the plaintiffs to determine whether this matter should be litigated in the class action or consolidated with it." [Doc # 7 in 11-cv-2321]  *See Lindsey v. Dayton-Hudson Corp.,* 592 F.2d 1118, 1121 (10th Cir. 1979)(finding no merit in the argument that summary judgment was improper because a motion to dismiss or an earlier motion for summary judgment, which raised the same statute of limitations issues, had been denied).  So construed, the BOCC may invoke its statute of limitations defense in this Court by appropriate motion.

ACCORDINGLY,  I DENY Plaintiffs' Motion for Summary Judgment Liability Only, filed by Kenneth G. Rohrbach, Karen L. Rohrbach, Paul K. Rohrbach and Compost Express, Inc. in consolidated case number 11-cv-02321-RPM-MJW on October 7, 2011.  [**Doc # 3 in 11-cv-2321**]

Dated: June  12 , 2012 in Denver, Colorado.

                                                        BY THE COURT:

                                                          s/Lewis T. Babcock
                                                        LEWIS T. BABCOCK, JUDGE