IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 10-cv-01482-LTB-KLM (Consolidated w/11-cv-02321-RPM-MJW)

ONYX PROPERTIES LLC, a Colorado Limited Liability Company;
EMERALD PROPERTIES, LLC, a Colorado Limited Liability Company;
VALLEY BANK AND TRUST, a Colorado State Bank;
PAUL NAFTEL, an individual;
SHAUNA NAFTEL, an individual; and
The Estate of LOCAL SERVICE CORPORATION by and through its
    Chapter 11 Bankruptcy Trustee, SIMON E. RODRIGUEZ,

    Plaintiffs,
vs.

BOARD OF COUNTY COMMISSIONERS OF ELBERT COUNTY,

    Defendant
_____

KENNETH G. ROHRBACH,
KAREN L. ROHRBACH,
PAUL K. ROHRBACH, and
COMPOST EXPRESS, INC., a Colorado corporation,

    Plaintiffs,
vs.

BOARD OF COUNTY COMMISSIONERS OF ELBERT COUNTY, in its official capacity,

    Defendant.
_____

## ORDER
_____

This matter is before me on a Motion for Certification as Final Judgment Pursuant to Fed. R. Civ. P. 54(b), filed by Defendant Board of County Commissioner of Elbert County (the "BOCC"), requesting that I enter final judgment on the individual claim asserted against it, pursuant to 42 U.S.C. §1983, by Plaintiffs Kenneth G. Rohrbach, Karen L. Rohrbach, Paul K.

Rohrbach, and Compost Express, Inc. (the "Rohrbachs"). [**Doc #103**] The Rohrbachs oppose this request. After considering the parties briefing and the oral arguments before me at a hearing on April 9, 2013, I DENY the motion seeking certification of final judgment under Fed. R. Civ. P. 54(b).

## I. BACKGROUND

In 2006/2007, the BOCC brought and prevailed on a zoning enforcement action in Elbert County District Court enjoining the Rohrbachs from operating a commercial composting business on their real property located in Elbert County. The Rohrbachs appealed and, in September 2009, a panel of the Colorado Court of Appeals reversed by overturning the trial court's ruling that the BOCC had proved the Rohrbachs' property was zoned "A-Agriculture." *Board of County Commissioners of Elbert County v. Rohrbach*, 226 P.3d 1184 (Colo. App. Sept. 3, 2009). The Court of Appeals determined that the applicable zoning regulation – which purported to establish the zoning areas in Elbert County – could not be used to ascertain the zoning of the Rohrbachs' property because it:

> established zoning areas by showing them on the map 'dated July 5, 1983.' The [BOCC] was not able to find and did not introduce that map into evidence. Because the text of the regulation relied on the map to establish the zoning and the map was not produced, the [trial] court could not ascertain the zoning adopted by the [BOCC] . . .

*Id.* at 1188. As such, the Court concluded that "because the [BOCC] did not introduce a copy of the July 5, 1983 map in this case, it failed to prove that the Rohrbachs' property was zoned agricultural [and t]hus, the trial court erred in granting the injunction." *Id.* at 1189. Therefore, the case was remanded and remains pending – including the Rohrbachs' counterclaims against the BOCC raised pursuant to 42 U.S.C. §1983 – in Elbert County District Court.

Following the Colorado Court of Appeals ruling, Plaintiffs Onyx Properties LLC, Emerald Properties, LLC, Valley Bank and Trust, and Paul & Shauna Naftel (the "Development Plaintiffs") filed this lawsuit against the BOCC, in June of 2010, in which they allege that they were improperly forced to re-zone their real property – from "A-Agriculture" to an "A-1" designation – by Elbert County when they sought to divide it into 35-acre parcels for development and sale in 2004-2006. In their complaint, the Development Plaintiffs asserted individual claims under 42 U.S.C. §1983 for the loss of their individual property rights, without due process of law, by the alleged improper enactment and subsequent enforcement of the illegal zoning regulations and related zoning map(s) against them. The Development Plaintiff also asserted class claims under §1983, seeking damages and injunctive relief for other property owners in Elbert County, but I subsequently denied their motion requesting class certification. [Doc # 96] As such, only their individual §1983 due process claims remain pending here.

The Rohrbachs also filed a federal lawsuit against the BOCC – on September 2, 2011 (Case No. 11-cv-2321-RPM-MJW) – seeking damages under §1983 for violation of due process based on the BOCC's alleged unconstitutional enforcement of the illegal zoning regulations/ map(s) against them. That lawsuit was subsequently consolidated into this case.

Thereafter, the BOCC filed a motion seeking summary judgment in its favor on the §1983 claims – brought by both the Rohrbachs and the Development Plaintiffs – on the basis that they were untimely and barred by the applicable two-year statute of limitations. On December 12, 2012, I concluded that the BOCC was entitled to summary judgment on the Rohrbachs' §1983 claim, as it was time barred in this Court as filed outside of the applicable two-year limitations period pursuant to Colo. Rev. Stat. §13-80-102(g). I further concluded, however, that

3

a question remained as to whether the Development Plaintiffs' claims were untimely. Accordingly, I entered summary judgment in favor of the BOCC on the Rohrbachs' §1983 claim, but ruled that the Development Plaintiffs' §1983 claims survived summary judgment. [Doc # 95]

## II. LAW

In this motion, the BOCC asks that I certify my summary judgment ruling against the Rohrbachs as a final judgment pursuant to Fed. R. Civ. P. 54(b) which allows a district court to enter a final judgment as to one or more, but fewer than all, parties in an action so that the relevant ruling may be immediately appealed. Specifically, Rule 54(b) provides, in pertinent part, that:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

"The purpose of Rule 54(b) is to avoid the possible injustice of a delay in entering judgment on a distinctly separate claim or as to fewer than all of the parties until the final adjudication of the entire case by making an immediate appeal available." *Oklahoma Turnpike Auth. v. Bruner*, 259 F.3d 1236, 1241 (10th Cir. 2001)(*quoting* 10 Charles A. Wright et al., *Federal Practice and Procedure: Civil 2d* § 2654 at 33 (1982)). The Tenth Circuit has instructed that "the district court should act as a 'dispatcher' weighing Rule 54(b)'s policy of preventing piecemeal appeals against the inequities that could result from delaying an appeal." *Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005)(*citing Curtiss- Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980)).

A Rule 54(b) certification is only appropriate when a district court makes two express determinations: first, the district court must determine that the order it is certifying is a final order; and second, the district court must determine that there is no just reason to delay review of the final order until it has conclusively ruled on all claims presented by all the parties to the case. *Oklahoma Turnpike v. Bruner*, *supra*, 259 F.3d at 1242 (citing Fed.R.Civ.P. 54(b); *Curtiss-Wright v. General Elec., supra,* 446 U.S. at 8); *see also McKibben v. Chubb,* 840 F.2d 1525, 1528 (10th Cir. 1988).

My decision regarding certification under Rule 54(b) "merits substantial deference and should not be disturbed unless the district court's determination was clearly erroneous." *Stockman's Water v. Vaca Partners, supra*, 425 F.3d at 1265-6 (*citing Curtiss-Wright v. General Elec., supra,* 446 U.S. at 10)(but noting that, in *Oklahoma Turnpike v. Bruner*, *supra*, 259 F.3d at 1242, the Tenth Circuit "applied a two-tiered standard of review, reviewing *de novo* the district court's determination of finality and reviewing for an abuse of discretion the district court's determination that there is no just reason for delay"). Finally, I note that Rule 54(b) entries are not to be made routinely. *Oklahoma Turnpike v. Bruner*, *supra*, 259 F.3d at 1242 (quotations and citations omitted); *see also Curtiss-Wright v. General Elec., supra,* 446 U.S. at 10 ("sound judicial administration does not require that Rule 54(b) requests be granted routinely").

### III. ANALYSIS

The BOCC seeks entry of final judgment on the Rohrbachs' dismissed §1983 claim – on the basis that it was filed outside the applicable statute of limitations period – so that the Rohrbachs may, if they so choose, appeal the summary judgment ruling against them.

A. Finality:

My first determination is whether the summary judgment ruling at issue here is final and that an appeal may be taken. To be so considered, the order must be "final" in the sense that it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Oklahoma Turnpike v. Bruner*, *supra*, 259 F.3d at 1242 (*quoting Curtiss-Wright v. General Elec., supra,* 446 U.S. at 7). Thus, in order to determine whether an order is "final" a district court must first consider the separability of the adjudicated and unadjudicated claims. *Inola Drug, Inc. v. Express Scripts, Inc.*, 390 Fed.Appx. 774, 775, 2010 WL 3033628 (10th Cir. 2010) (unpublished)(*citing Jordan v. Pugh*, 425 F.3d 820, 826 (10th Cir. 2005)). In determining whether claims are separable, courts should "consider whether the allegedly separate claims turn on the same factual questions, whether they involve common legal issues, and whether separate recovery is possible." *Inola Drug. v. Express Scripts, supra; see also Jordan v. Pugh*, *supra*, 425 F.3d at 827 ("[t]o determine whether separate appeals will be redundant, courts consider whether the allegedly separate claims turn on the same factual questions, whether they involve common legal issues, and whether separate recovery is possible"))(*citing* James Wm. Moore, et al., *Moore's Fed. Prac.3d* § 202.06[2] (3d ed.1999)). "Thus, a judgment is not final for the purposes of Rule 54(b) unless the claims resolved are distinct and separable from the claims left unresolved." *Oklahoma Turnpike v. Bruner*, *supra*, 259 F.3d at 1243.

The BOCC argues that the order entering summary judgment against the Rohrbachs on their §1983 claim is final "in that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action," quoting *Curtiss-Wright v. General Elec., supra,* 446 U.S. at 7. The Rohrbachs do not challenge this assertion, but rather argue that the summary judgment order is not certifiable under Rule 54(b) because "[n]ot all final judgments on individual claims

should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims" quoting *Curtiss-Wright v. General Elec., supra,* 446 U.S. at 7.

  I conclude that the summary judgment ruling on the Rohrbachs' §1983 claim is not final for purposes of Rule 54(b) certification. Whether the BOCC is liable to the Rohrbachs for the damages they incurred – when the BOCC allegedly violated their individual due process rights by enforcing illegal zoning regulations/map against them in its efforts to enjoin their composting operation on their Elbert County property – is not distinct and separable from the claims that remaining pending – namely, the §1983 due process claims of the Development Plaintiffs who assert that the BOCC enforced the same allegedly illegal zoning regulations/map against them to require they re-zone their property in order to develop and subdivide it. Here, the claims are not separable and distinct; although the BOCC's enforcement as to each party consists of an individualized factual assessment, the claims turn on common legal issues related to the enactment of the allegedly illegal regulations/maps. *See Old Republic Ins. Co. v. Durango Air Service, Inc.,* 283 F.3d 1222, 1225 (10th Cir. 2002)(ruling that although the parties raised separate claims of recovery, those "claims were based on identical facts and on the same policies" and thus found that the claims of both parties "all stemmed from the same occurrence and were inextricably intertwined and related" barring Rule 54(b) certification); *compare with McKibben v. Chubb, supra*, 840 F.2d at 1529 (finding that although "a common factual predicate" was present as to each claim against each defendant, a Rule 54(b) certification was proper when the claims against each defendant was based on "different and fully separable actions").

More importantly, in this case it is not the merits of the Rohrbachs' §1983 claim that is being certified, but rather a ruling on the BOCC's affirmative statute of limitations defense. In general, "Rule 54(b) does not allow for certification of a defense." *Oklahoma Turnpike v. Bruner, supra*, 259 F.3d at 1243 (*quoting W.L. Gore & Assocs., Inc. v. Int'l Med. Prosthetics Research Assocs., Inc.*, 975 F.2d 858, 863 (Fed.Cir. 1992); *Flynn & Emrich Co. v. Greenwood*, 242 F.2d 737, 741 (4th Cir. 1957)). In *Oklahoma Turnpike v. Bruner, supra*, the Tenth Circuit noted that if a certain defense may be applicable to all claims in an action – as is alleged here in that the BOCC asserts that all the claims of the individual Plaintiffs are time barred – then judgment should enter before the affirmative defense issue is addressed on appeal. Otherwise, such piecemeal rulings "unacceptably multiplies the burden imposed on the appellate court, presumably for the convenience of the district court, which, if affirmed on appeal, can be assured of its proposed disposition of the remaining claims." *Oklahoma Turnpike v. Bruner, supra,* 259 F.3d at 1243. Thus, I conclude that my ruling that the Rohrbachs' §1983 claim fails, as a matter of law, as time barred by the applicable statute of limitations, is not "final" for the purposes of the first requirement for certification under Rule 54(b).

B. Just Reason for Delay:

Furthermore, with respect to the second requirement of Rule 54(b), I conclude that there is sufficiently just reason to delay appellate review of my dismissal of the Rohrbachs' §1983 claim. "No precise test has been developed for determining whether just cause exists for delay, but generally courts have weighed Rule 54(b)'s policy of preventing piecemeal appeals against the hardship or injustice that might be inflicted on a litigant because of the delay." *United Bank of Pueblo v. Hartford Acc. & Indem. Co.*, 529 F.2d 490, 492 (10th Cir.1976).

At the hearing before me, the BOCC argued that under the procedural history of this case, certification "makes sense" – or would be "just" – in that it would finalize the Rohrbachs' case and, in effect, would sever consolidation of these cases. I note, however, that the BOCC voiced no concern and failed to object to consolidation in the first place, and that the consolidated cases here – as discussed above – are factually similar and based on the same theory of liability. The BOCC further argued that no judicial efficiencies are created by keeping the Rohrbachs' case tied to this case. Although it acknowledged that there are similar issues related to the statute of limitations defense, it argued those issues are distinct because the underlying facts as to when each cause of action arose are different. However, the BOCC further conceded that if the Tenth Circuit remanded the statute of limitations issue in the Rohrbachs' case, the Development Plaintiffs' case here could be significantly delayed. Furthermore, I note that the Rohrbachs continue to have a venue and forum for their §1983 claims pending in state court. Finally, the BOCC argued that it has an interest in bringing the Rohrbachs' case against it to a "natural conclusion in the federal system," by requiring them to make a decision on whether or not they would appeal my summary judgment ruling against them. It asserts that my consideration of any potential *res judicata* effect of my summary judgment ruling on the Rohrbachs' pending state court litigation is acceptable – under case law from other Circuits – and, moreover, that such consideration weighs in favor of granting the certification motion.

In this case, the historic federal policy against piecemeal appeals is certainly not outweighed by any hardship or injustice against the Rohrbachs – as the aggrieved party – in that they clearly oppose certification. This is not the usual case of the losing party requesting the entry of final judgment under Rule 54(b), but rather the prevailing party seeking to force the

losing party to seek (or not seek) appellate relief.  The BOCC argues that it "should not have to wait until the [Development] Plaintiffs' claims are resolved to know if the Rohrbachs intend to appeal the summary judgment determination" and the Rohrbachs "should not have to wait (likely a period of several years) until the conclusion of discovery and trial on the [Development] Plaintiffs' claims to be able to appeal this Court's judgment against them and dismissal of their claims."   The BOCC has not referred me to any authority, however, for the proposition that it endures hardship from having to wait until the other intertwined claims raised by the Developmental Plaintiffs pending against it are decided on the merits.  Furthermore, even if the BOCC does have such an interest, I conclude that it does not outweigh Rule 54(b)'s policy of preventing piecemeal appeals.  I am not persuaded by the BOCC's argument that consideration of any potential *res judicata* effect weighs in its favor.

Therefore, I determine that, under the circumstances of this case, the equities do not weigh in favor of immediate appeal and I find just and sufficient reason to delay appellate review of my dismissal of the Rohrbachs' §1983 claim until the time that I have conclusively ruled on the claims presented by the Development Plaintiffs.  *See Oklahoma Turnpike v. Bruner*, *supra*, 259 F.3d at 1242 (indicating that "trial courts should be reluctant to enter Rule 54(b) orders since the purpose of this rule is a limited one: to provide a recourse for litigants when dismissal of less than all their claims will create undue hardships")(*quoting Gas-A-Car, Inc. v. Am. Petrofina, Inc.*, 484 F.2d 1102, 1105 (10th Cir.1973)).

ACCORDINGLY, for the reasons stated on ths record at the April 9, 2013 hearing and more fully stated herein, I exercise my discretion and DENY the Motion for Certification as Final Judgment Pursuant to Fed. R. Civ. P. 54(b). [**Doc #103**]

Dated: April 11, 2013 in Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE