IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 10-cv-01482-LTB-KLM (Consolidated w/11-cv-02321-RPM-MJW)

ONYX PROPERTIES LLC, a Colorado Limited Liability Company;
EMERALD PROPERTIES, LLC, a Colorado Limited Liability Company;
VALLEY BANK AND TRUST, a Colorado State Bank;
PAUL NAFTEL, an individual;
SHAUNA NAFTEL, an individual; and
The Estate of LOCAL SERVICE CORPORATION by and through its
    Chapter 11 Bankruptcy Trustee, SIMON E. RODRIGUEZ,

    Plaintiffs,

vs.

BOARD OF COUNTY COMMISSIONERS OF ELBERT COUNTY,

    Defendant
_____

KENNETH G. ROHRBACH,
KAREN L. ROHRBACH,
PAUL K. ROHRBACH, and
COMPOST EXPRESS, INC., a Colorado corporation,

    Plaintiffs,

vs.

BOARD OF COUNTY COMMISSIONERS OF ELBERT COUNTY, in its official capacity,

    Defendant.
_____

## ORDER
_____

    This matter is before me on a Motion to Intervene – filed by approximately thirty-one individuals or entities (the "Intervenors") – in which they seek to intervene and join the named-Plaintiffs in this lawsuit pursuant to Fed. R. Civ. P. 24(a)(2) or 24(b). [**Doc # 112**] Defendant Board of County Commissioners of Elbert County (the "BOCC") opposes this request. Oral

argument would not materially assist me in the determination of this motion. For the following reasons, I DENY the motion to intervene.

The named-Plaintiffs – Onyx Properties, Emerald Properties, Valley Bank & Trust, Paul & Shauna Naftel, and the Estate of Local Service Corporation – filed this lawsuit in June 2010, asserting that the BOCC violated their constitutional rights by improperly enacting and subsequently enforcing illegal or non-existent zoning regulations (and a related zoning map) against them by requiring them to re-zoned their real property located in Elbert County from an "A-Agriculture" to an "A-1" designation in order to subdivide it. Plaintiffs raise individual claims under 42 U.S.C. §1983 for the loss of their individual property rights without due process of law.

Plaintiffs also asserted class claims against the BOCC pursuant to 42 U.S.C. §1983, seeking damages and injunctive relief. They initially sought a class of all persons who "on or after August 28, 1997 (1) submitted an application for an A-1 rezone; and (2) all persons who have had the A-1 provisions of the Zoning Regulations . . . enforced against them regarding the A-1 zone." [Doc # 1] Plaintiffs subsequently amended and broadened the class definition to include all persons who have "on or after August 28, 1997 (1) submitted one or more land use applications pursuant to the Zoning Regulations; and (2) all persons who have had the Zoning Regulations . . . enforced against them." [Doc #56] On January, 17, 2013, I denied Plaintiffs' Motion for Class Certification on the basis that the proposed class could not be certified under Fed. R. Civ. P. 23(a) – in that the class, as defined, lacked commonality, typicality, and in some cases adequacy of representation – or under Fed. R. Civ. P. 23(b)(3) – in that certification of the common issues was not superior to individualized adjudication, and that the injunctive relief

sought was not appropriate as to the class as a whole. [Doc # 96]

Thereafter, the Intervenors – Patricia Rodenz, Michael McClendon, David Aksland, Sean Mulvihill, Stephen Mulvihill, Edwin Baker, Virginia Baker, Stan Lynn, Edward Lovelace, Donna Lovelace, EJL Enterprises, Inc., Prairie Land, LLC, Craig Clausen, Kenlou, LLC, Gary Levin, William Paul Summers, Robert Quinn, Karen Quinn, Eugene Erickson, Anne Erickson, Lora Krista, Rebecca Arnold, Dennis Leonard, Thomas Maroney, Station Gulch Ranch, LLC, Richard O'Leary, Linda O'Leary, Morningstar Development LLC, Amanda Pines LLC, Amanda Pines North LLC, and Ladero Land Development, Inc. – filed this motion seeking to be added as plaintiffs in this matter. The Intervenors are various individuals and entities who submitted re-zoning applications to the BOCC – most of which commenced with a request to re-zone real property located in Elbert County from an A-Agriculture to an A-1 designation – during the time period of November 1997 through April 2009. In this motion, the Intervenors assert that they should be allowed to intervene and be added as plaintiffs in this matter, in order to prosecute their individual §1983 claims against the BOCC, pursuant to either Fed. R. Civ. P. 24(a)(2) (Intervention of Right) or Fed. R. Civ. P. 24(b) (Permissive Intervention). The named-Plaintiffs, who filed this action as class representatives, do not object to this request to intervene.

## I. Intervention as a Matter of Right

The Intervenors first assert that they are entitled to intervene in this case as a matter of right pursuant to Fed. R. Civ. P. 24(a)(2), which provides that "[o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties

adequately represent that interest."  Thus, a movant is entitled to intervention as a matter of right if "(1) the [motion] is timely, (2) the [movant] claims an interest relating to the property or transaction which is the subject of the action, (3) the [movant's] interest may be impaired or impeded, and (4) the [movant's] interest is not adequately represented by existing parties." *Oklahoma ex rel. Edmondson v. Tyson Foods, Inc.*, 619 F.3d 1223, 1231 (10th Cir. 2010)(quoting *Elliott Indus. Ltd. P'ship v. BP Am. Prod. Co.*, 407 F.3d 1091, 1103 (10th Cir. 2005)).   The BOCC argues that the Intervenors are not entitled to intervene under Rule 24(a)(2) because their motion is not timely, and they cannot show that their interests may be impaired or impeded, or that their interests would not be adequately represented by the existing named-Plaintiffs.

Except for the issue of timeliness, intervention as of right under Rule 24(a)(2) is a question of law and, as such, my determinations are reviewed *de novo*.  *Utah Ass'n of Counties v. Clinton,* 255 F.3d 1246, 1249 (10th Cir. 2001); *Alameda Water & Sanitation Dist. v. Browner*, 9 F.3d 88, 89-90 (10th Cir. 1993)(applying a *de novo* standard of review to rulings on motions to intervene as of right); *see also* 7C Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1902 (2d ed.1986).

Because it is dispositive, I first address the BOCC's assertion that intervention as a matter of right is not warranted here because the Intervenors cannot show that their interests in their property may be impaired or impeded and/or the existing named-Plaintiffs could not adequately represent the Intervenors' interests in this matter.  In so doing, I note that the BOCC does not challenge that the Intervenors have an interest relating to the property or transaction that is the subject of this action in order to be able to intervene as a matter of right.  *See Vermejo*

*Park Corp. v. Kaiser Coal Corp.*, 998 F.2d 783, 791 (10th Cir.1993)(ruling that the interest in the proceedings must be "direct, substantial and legally protectable"). Rather, the BOCC asserts that the Intervenors have not demonstrated that the disposition of this action may, as a practical matter, impair or impede their ability to protect their interest. However, it is clear that an adverse ruling on the legality of the regulations/map used by the BOCC to require landowners to re-zone their property – during the approximate time period of 1983 through 2010 – could impede or impact the proposed Intervenors' ability to protect their interest. *See Utah Ass'n of Counties v. Clinton*, *supra*, 255 F.3d at 1253 (noting that the Tenth Circuit has pointed out that "the question of impairment is not separate from the question of existence of an interest")(*quoting Natural Res. Def. Council v. United States Nuclear Regulatory Comm'n*, 578 F.2d 1341, 1345 (10th Cir.1978)). As such, Intervenors have met their "minimal" burden to show "only that impairment of its substantial legal interest is possible if intervention is denied." *Utah Ass'n of Counties v. Clinton*, *supra*, 255 F.3d at 1253 (citations omitted).

      The question left, therefore, is whether the Intervenors have demonstrated that the named-Plaintiffs cannot adequately represent the Intervenors' interests in this case. The burden is on the Intervenors to show the inadequacy of representation by the existing parties. *Coalition of Arizona/New Mexico Counties for Stable Econ. Growth v. Dep't of Interior*, 100 F.3d 837, 844 (10th Cir. 1996). "Although an applicant for intervention as of right bears the burden of showing inadequate representation, that burden is the 'minimal' one of showing that representation 'may' be inadequate." *Utah Ass'n of Counties v. Clinton*, *supra*, 255 F.3d at 1254 (citations omitted); *see also Coalition of Arizona v. Dep't of Interior, supra,* 100 F.3d at 844. The possibility that the interests of the applicant and the parties may diverge "need not be great"

in order to satisfy this minimal burden. *Id.* (*quoting Natural Res. Def. Council v. U.S. Nuclear Reg. Comm'n*, *supra*, 578 F.2d at 1346).

In this case, however, the parties agree that the objectives of the named-Plaintiffs and the Intervenors are "perfectly aligned" in that they all assert that the relevant zoning regulations/ maps are illegal and were improperly enforced against them by the BOCC during their respective applications to re-zone their real property. *See Coalition of Arizona v. Dep't of Interior, supra,* 100 F.3d at 844 (ruling that a presumption of adequacy of representation arises where the applicant for intervention and an existing party have the same ultimate objective). As such, the Intervenors have not alleged "collusion between the representative and an opposing party, that the representative has an interest adverse to the applicant, or that the representative failed in fulfilling his duty to represent the applicant's interest." *Id.* (*quoting Sanguine, Ltd. v. U.S. Dep't of Interior*, 736 F.2d 1416, 1419 (10th Cir.1984)). As such, the Intervenors have failed to meet their burden of showing that the named-Plaintiffs cannot adequately represent their aligned interests in this case. *Coalition of Arizona v. Dep't of Interior, supra,* 100 F.3d at 844*; see also Adarand Constructors, Inc. v. Romer,* 174 F.R.D. 100, 104 (D. Colo. 1997).

Therefore, the Intervenors are not entitled to intervene as a matter of right pursuant to Rule 23(a)(2). To the extent that the Intervenors argue that they are somehow entitled to intervention as a matter of right solely because they were putative members of the proposed class, I disagree. *See In re Integra Realty Resources, Inc.*, 262 F.3d 1089, 1105 (10th Cir. 2001)(noting that Fed. R. Civ. P. 23 contemplates that aggrieved class members can move to intervene under Rule 24(a)); *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 351 n.4, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983)(but noting that putative class members frequently are not

entitled to intervene as of right under Rule 24(a), and permissive intervention under Rule 24(b) may be denied in the discretion of the District Court).

## II. Permissive Intervention

Alternatively, Intervenors seek to join as plaintiffs in this case under the rule allowing permissive intervention. As applicable here, Fed. R. Civ. P. 24(b)(1) provides that "[o]n timely motion, the court may permit anyone to intervene who . . . (B) has a claim or defense that shares with the main action a common question of law or fact." The rule further provides that "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed.R.Civ.P. 24(b)(3). Permissive intervention lies in the court's sound discretion, and the appellate court will not disturb the district court's exercise of that discretion absent clear abuse. *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990).

The BOCC does not dispute that the Intervenors' claims "have a question of law or fact in common" with the main action. The BOCC argues, however, that I should not permit intervention under Rule 24(b) as the request is untimely and, as such, results in unduly delay and/or prejudice to the adjudication of the original parties' rights. Specifically, the BOCC asserts that intervention by fourteen groups of Intervenors will inject numerous individualized and fact-specific issues that are unrelated to the claims of the named-Plaintiffs, requiring time-consuming discovery that will cause significant prejudice and delay to the existing parties. These individualized issues relate to: (1) whether their individual claims are time-barred by the statute of limitations; (2) whether the type of land-use approval challenged by certain of the Intervenors was validly enacted or enforced by the BOCC; and (3) whether the Intervenors have

failed to add indispensable parties. As such, the BOCC argues that these fact-specific determinations – at this point in the litigation – would be time-consuming and result in extensive delay and expense that would be prejudicial to the parties in this case. The Intervenors, in response, do not dispute that their inclusion as plaintiffs in this case will create individualized factual determinations that will result in additional delay and expense. They contend, however, that their request to intervene is timely in that they were all potential class members whose claims would have been addressed in this case if they had not been dismissed by my denial of class certification in January 2013.

The timeliness of a motion to intervene is determined "in light of all of the circumstances." *Oklahoma v. Tyson Foods, supra*, 619 F.3d at 1232 (*quoting Sanguine v. Dep't of Interior*, *supra*, 736 F.2d at 1418). Courts have recognized three factors as particularly important: "(1) the length of time since the [movant] knew of [its] interests in the case; (2) prejudice to the existing parties; and (3) prejudice to the [movant]." *Id*. But these consideration are not exclusive and the trial court should also consider "the existence of any unusual circumstances." *Id.* My determination of timeliness is discretionary. *Id.* at 1232 (*citing Coalition of Ariz. v. Dep't of Interior*, *supra*, 100 F.3d at 840; *see also Utah Ass'n of Counties v. Clinton*, *supra*, 255 F.3d at 1249 ("[w]e generally review a district court's ruling on the timeliness of a motion to intervene under an abuse of discretion standard").

While it is undisputed that allowing the Intervenors to join as plaintiffs at this point in the case will certainly cause expense and delay, I conclude that in light of all the circumstances, their motion is timely. First, I note that this motion was filed in April of 2013, only four months after I denied certification of the class claims of which the Intervenors were putative class

failed to add indispensable parties. As such, the BOCC argues that these fact-specific determinations – at this point in the litigation – would be time-consuming and result in extensive delay and expense that would be prejudicial to the parties in this case. The Intervenors, in response, do not dispute that their inclusion as plaintiffs in this case will create individualized factual determinations that will result in additional delay and expense. They contend, however, that their request to intervene is timely in that they were all potential class members whose claims would have been addressed in this case if they had not been dismissed by my denial of class certification in January 2013.

The timeliness of a motion to intervene is determined "in light of all of the circumstances." *Oklahoma v. Tyson Foods, supra*, 619 F.3d at 1232 (*quoting Sanguine v. Dep't of Interior*, *supra*, 736 F.2d at 1418). Courts have recognized three factors as particularly important: "(1) the length of time since the [movant] knew of [its] interests in the case; (2) prejudice to the existing parties; and (3) prejudice to the [movant]." *Id*. But these consideration are not exclusive and the trial court should also consider "the existence of any unusual circumstances." *Id.* My determination of timeliness is discretionary. *Id.* at 1232 (*citing Coalition of Ariz. v. Dep't of Interior*, *supra*, 100 F.3d at 840; *see also Utah Ass'n of Counties v. Clinton*, *supra*, 255 F.3d at 1249 ("[w]e generally review a district court's ruling on the timeliness of a motion to intervene under an abuse of discretion standard").

While it is undisputed that allowing the Intervenors to join as plaintiffs at this point in the case will certainly cause expense and delay, I conclude that in light of all the circumstances, their motion is timely. First, I note that this motion was filed in April of 2013, only four months after I denied certification of the class claims of which the Intervenors were putative class

members. *See generally Chardon v. Fumero Soto*, 462 U.S. 650, 659, 103 S.Ct. 2611, 77 L.Ed.2d 74 (1983)(noting that unnamed plaintiffs should be treated as though they had been named plaintiffs during the pendency of the class action – for purposes of assessing statute of limitations periods – until the class action status is denied)(*citing American Pipe & Const. Co. v. Utah*, 414 U.S. 538, 553, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974)). In addition, as noted by the Intervenors, the tolling statute of involuntary dismissal of claims allows for filing within ninety days after dismissal, *see* Colo Revised Stat. § 13-80-111, and the filing of this motion was within that ninety-day period.

As such, I conclude that the Intervenor's motion – filed four months after the class claims were dismissed following my denial of class certification – was, under the circumstances, timely filed. *See generally Utah Ass'n of Counties v. Clinton, supra*, 255 F.3d at 1250 (indicating that the timeliness analysis "is contextual: absolute measures of timeliness should be ignored").

However, in the exercise of my discretion, I conclude that even though the request was timely, an intervention in this case will unduly delay and/or prejudice the adjudication of the original parties' rights under Fed.R.Civ.P. 24(b)(3). District courts are required to consider undue prejudice and/or undue delay in deciding whether to grant permissive intervention. *DeJulius v. New Eng. Health Care Emps. Pension Fund*, 429 F.3d 935, 943 (10th Cir. 2005). "In deciding on a motion for permissive intervention, a court will consider whether the movant's input is likely to make a significant and useful contribution to the development of the underlying factual and legal issues or, alternatively, is likely to be counterproductive." *U.S. v. Northern Colorado Water Conservancy Dist.*, 251 F.R.D. 590, 601 (D.Colo. 2008)(*quoting* 6 James Wm. Moore, et al., *Moore's Federal Practice* § 24.10(2)(b), at 24–63 (3d ed. 2012)); *see also Arney v.*

*Finney,* 967 F.2d 418, 422 (10th Cir. 1992)(ruling that the district court properly denied applicant's motion to intervene because, *inter alia,* the applicant's "intervention would not aid" the plaintiffs). In addition, "considerations of trial convenience dominate the question of whether to allow permissive intervention." 6 James Wm. Moore, et al., *Moore's Federal Practice* § 24.10[1], at 24–63 (3d ed. 2012).

Here, the delay caused by the proposed intervention would be significant. Furthermore, the proposed intervenors may still protect their interests by filing separate actions. *See Bohne v. Closing of Tulsa*, *L.L.C.*, 2006 WL 965382 (N.D.Okla.,2006)(unpublished)(if a class that includes the proposed intervenors does not get certified, "they may still file separate actions to assert their individual claims"). I note that if they do file separately, their claims will be tolled from the time the action commenced until class certification is denied. *Crown Cork & Seal v. Parker, supra,* 462 U.S. at 353.

Moreover, as discussed above, I have determined that the Intervenors have not shown that the existing parties are unable to adequately protect their interests. *See Lowery v. City of Albuquerque,* 2012 WL 1378528 (D.N.M. 2012)(not published)(noting that "[w]hile not a required part of the test for permissive intervention, a court's finding that existing parties adequately protect prospective intervenors' interests will support a denial of permissive intervention")(*citing City of Stilwell, Okla. v. Ozarks Rural Elec. Coop. Corp.,* 79 F.3d 1038, 1043 (10th Cir. 1996)); *see also American Association of People with Disabilities v. Herrera,* 257 F.R.D. 236, 259- 60 (D.N.M. 2008)(ruling that allowing individuals to intervene would be inappropriate, because the defendant was adequately representing any interests the prospective intervenors might have and allowing their intervention would cause delays and fairness required

that the Court deny the motion to intervene, because the potential number of intervenors was so great).

I conclude that permissive intervention would be counter-productive here, in that including the Intervenors as plaintiffs in this matter would not assist or be useful in the progress of the case, but instead would interject numerous individualized factual determinations, as well as add significant delay rather than result in trial convenience. And, as I have previously found, the existing plaintiffs adequately represent the prospective Intervenors' interests who, in turn, may file their own separate action against the BOCC. Therefore, I conclude that the Intervenor's requestion for permissive intervention in this matter should be denied as resulting in undue delay and prejudice pursuant to Fed. R. Civ. P. 24(b)(3).

ACCORDINGLY, for the reasons stated, I DENY the Motion to Intervene under both Fed. R. Civ. P. 24(a)(2) and 24(b). [**Doc # 112**]

Dated: August  15 , 2013 in Denver, Colorado.

BY THE COURT:

 s/ Lewis T. Babcock 
LEWIS T. BABCOCK, JUDGE