IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01482-LTB-KLM (Consolidated w/11-cv-02321-RPM-MJW)

ONYX PROPERTIES, LLC, *et al*
.
    Plaintiffs,

v.

BOARD OF COUNTY COMMISSIONERS OF ELBERT COUNTY,
    Defendant.

---

**PLAINTIFFS' RESPONSE TO DEFENDANTS MOTION TO EXCLUDE EXPERT TESTIMONY OF JIM MARTY**

---

Plaintiffs, by and through their undersigned counsel, hereby submit this response to Defendant's Motion to Exclude Expert Testimony of Jim Marty.

This matter is now a trial to the Court. The Defendants motion requests that the Court hear a summary version of the Plaintiff's expert testimony and then determine whether the Court should be allowed to hear the full version. As will be discussed below, the Defendant's concerns do not apply to a bench trial.

A court should only admit relevant expert testimony if "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." *Fed. R. Evid. 702*. This rule requires district courts to play a ""gatekeeping role' in screening the reliability of expert testimony." *Daubert v. Merral Dow Pharms., Inc.,* 509 U.S. 579, 597 (1993) 597). But this trial is a bench trial, and the "gatekeeper doctrine" was "designed to protect juries."

*Deal v. Hamilton Cnty. Bd. of Educ.,* 392 F.3d 840, 852 (6th Cir. 2004).  As a result, the doctrine "is largely irrelevant in [this] context." *Id.; see also In re Zurn Pex Plumbing Prods. Liab. Litig.,* 644 F.3d 604, 613 (8th Cir. 2011) ("The main purpose of *Daubert* exclusion is to protect juries from being swayed by dubious scientific testimony" and "[t]hat interest is not implicated . . . where the judge is the decision maker").

The Tenth Circuit has also stated in discussing *Daubert* that "the usual concerns regarding unreliable expert testimony reaching a jury obviously do not arise when a district court is conducting a bench trial." *Att'y Gen. of Okla. v. Tyson Foods, Inc.,* 565 F.3d 769, 779 (10th Cir. 2009).

Given the above, the Court should not hear a summary version of the Jim Marty's testimony in a *Daubert* hearing in place of his full testimony.  As will be discussed further, below, Mr. Marty's testimony is well grounded and solid expert testimony.  However, even if the Court found fault with Mr. Marty's analysis, the *Daubert* Court stated that  "Vigorous cross-examination [and] presentation of contrary evidence . . . are the traditional and appropriate means of attacking shaky but admissible evidence."   *Daubert,* 509 U.S. at 596.  Mr. Marty should still be allowed to testify.

The Plaintiffs are very confident that this Court can determine for itself whether the experts in this case are credible and whether their testimony should carry any weight.  While the Plaintiffs strongly believe the Defendant's expert, who is a real estate appraiser, lacks credentials to offer analysis on overall business damages, the Plaintiffs also understand that this Court will not be swayed by "dubious" testimony and does not have to be "protected".  Thus, the Plaintiffs did not file *Daubert* motions themselves.  "Vigorous cross-examination" should be sufficient to make the point with this Court.  Likewise, if the BOCC is concerned about the propriety of Mr.

Marty's testimony, it can attack Mr. Marty's testimony with vigorous cross-examination and contrary evidence.

Mr. Marty is a well-qualified expert. He is a CPA with an Accredited Business Valuation designation through the American Institute of Certified Public Accountants ("AICPA"), as well as being Certified in Financial Forensics by the AICPA. Mr. Marty also has a masters of science degree in taxation. See Defendant's Exhibit A, p. 8. As discussed below, these credentials fully allow Mr. Marty to opine on the business losses of the Onyx Plaintiffs.

It should be noted that Mr. Marty did not perform any real estate appraisals to prepare his report. Rather, he relied upon existing historical appraisals which is completely appropriate in the analysis of business losses. See Affidavit of Ronald L. Seigneur attached hereto.

The Defendant complains that Jim Marty should not have relied upon the appraisal of Jim Bunt. It claims that Mr. Bunt did not appraise the Kiowa Creek Estates development at $1.2 million. However, this is not true. As stated in the affidavit of David Jansen attached hereto, Valley Bank specifically requested a market value appraisal of the Kiowa Creek Estates property "as is" and "as developed" into nine 35-acre parcels. Valley Bank obtained the "as developed" market value appraisal of $1.2 million and relied upon it to fund the purchase and development of Kiowa Creek Estates. See Affidavit David Jensen ¶3. Thus, contrary to the BOCC's assertions, Mr. Marty was correct in using the $1.2 million as the market value in 2005.

The BOCC also complains that Mr. Marty should not have relied upon the appraisals done by Valuation Appraisal, Inc. in 2011 on the Kiowa Creek properties. The BOCC's only explanation is that Mr. Marty should have done the appraisal himself. The BOCC failed to show any basis why Mr. Marty should have ignored this appraisal. Clearly, this appraisal hurts the BOCC's case. However, the mere fact that it is damaging to the BOCC is not a basis to ignore it.

The BOCC further complains that that Mr. Marty's report does not "meet the standards of the Uniform Standards of Professional Appraisal Practice".  However, these practice standards are irrelevant to a CPA with the Accredited Business Valuation ("ABV") credential.  As stated in the Affidavit of Ronald L. Seigneur, attached hereto, Mr. Marty's opinion conforms to the requirements and methodologies of a CPA with an ABV credential.  Thus, the analysis used by Mr. Marty is recognized by the AICPA and is appropriate under the circumstances here.

Furthermore, the BOCC tried to exclude Mr. Marty as an expert in the *Rohrbach* damages trial on the same grounds – that Mr. Marty is not a licensed real estate appraiser.  However, the Court overruled the objections and allowed Mr. Marty's expert testimony.  See Defendants Exhibit C, p. 10.

WHEREFORE, the Plaintiffs request that this Court DENY the BOCC's motion and allow Mr. Marty to testify as an expert in this matter.

Respectfully submitted this 13th day of February, 2015.

/s James D. Thorburn

James D. Thorburn
The Law Office of James D. Thorburn, LLC
7730 East Belleview Avenue
Suite A-204
Greenwood Village, CO  80111
Phone: (303) 646-3482
Fax: (303) 325-3489
jdt@thorburnlaw.com
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of February, 2015 I electronically filed the above and foregoing using the CM/ECF system which will send notification to such filing to the following e-mail addresses,

Josh A. Marks
Melanie B. Lewis
BERG HILL GREENLEAF & RUSCITTI LLP
1712 Pearl Street
Boulder, CO 80302

*s/ James D. Thorburn*
_____